◼  ALFRED E. ROMAN, by His Mother and Natural Guardian, CYNTHIA ROMAN, et al., Respondents, v BRONX-LEBANON HOSPITAL CENTER, Appellant. —Judgment, Supreme Court, Bronx County, entered June 25, 1975, in favor

of infant plaintiff for $300,000 and in favor of Cynthia Roman, individually, for $4,500, unanimously modified, on the law and on the facts, so as to reverse the judgment in favor of the infant plaintiff and order a new trial solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless plaintiff-respondent guardian within 20 days of service upon her attorneys by the defendant-appellant of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of the infant to $100,000 and to the entry of judgment in accordance therewith. If the plaintiff-respondent guardian consents to the reduction, the judgment as so amended and reduced is affirmed, without costs or disbursements. In other respects the judgment is affirmed. The amount of the verdict for the infant plaintiff is grossly excessive. But as liability is conceded, we think the interests of justice will be best served by giving the infant's guardian the option of accepting a reduced verdict rather than putting all the parties through another trial. Were it not for the fact that liability is clear and conceded and the only issue one of damages, we would order a new trial on all the issues. There were numerous errors below including the denial by the Trial Judge contrary to section 295 of the Judiciary Law of defendant's attorney's request that the summation be taken down by the court stenographer; the denial contrary to CPLR 4110-b of said attorney's request to make objections to the charge out of the presence of the jury; the inadequacy of the charge with respect to burden of proof, omitting entirely the core of the burden of proof doctrine, i.e., which way the jury should decide when the evidence is evenly balanced; and admission of wholly speculative testimony by a psychiatrist for the infant plaintiff as to the possible emotional problems that the infant plaintiff would have 10 years after the psychiatrist saw him and seven years after the trial and that these problems would then require two visits a week to a psychiatrist for one to three years. Finally, whatever may have been the reasons for them, several sharp remarks by the court in this long record raise troublesome questions as to whether they impaired at least the appearance of the Trial Judge's impartiality. Concur—Stevens, P. J., Kupferman, Silverman, Capozzoli and Nunez, JJ.