■ JULIA CUMMINGS, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and NEW YORK TELEPHONE COMPANY, Appellant and Third-Party Plaintiff-Appellant-Respondent. GLOBE FOOD SERVICES CORP., Third-Party Defendant-Respondent-Appellant.—Resettled judgment, Supreme Court, New York County (Grossman, J.), entered December 5, 1985, wherein plaintiff stipulated to accept an award of damages of $600,000 modified, on the law and on the facts, to reverse the judgment and remand for a new trial only as to defendant-appellant New York Telephone Company (Telco), and, as modified, otherwise affirmed, without costs.

Appeal from the order of the same court, entered May 8, 1985, which denied the motion of Telco and third-party defendant-appellant Globe Food Services (Globe) to set aside a jury verdict awarding damages to plaintiff of $1,200,000 with liability apportioned at 45% each to Telco and Globe, and at 10% to plaintiff, except to order a new trial unless plaintiff stipulated to accept an award of damages reduced by half, dismissed, without costs, as subsumed in the appeal from the resettled judgment.

We agree with Telco's contention that forcing its trial counsel to make her objections in the presence of the jury in

violation of CPLR 4110-b, particularly in light of the court's course of conduct, mandates reversal of the judgment. *(Roman v Bronx-Lebanon Hosp. Center,* 51 AD2d 529 [1st Dept 1976].) The numerous hostile and demeaning comments made by the court in response to Telco's requests for additional charges prejudiced the fairness of the trial. When counsel for Telco pressed for permission to make her requests for additional charges outside of the hearing of the jury the court responded: "Well, I've already decided that once. I think you should know that by this time. I don't decide it twice because you ask or he asks, doesn't make any difference who asks. I decide it one time. Let's get that straight. If you didn't get it straight in the week before me, you should have it straight."

When counsel renewed her request, the court chastised her for "wasting a lot of time." Furthermore, in denying counsel's request for a missing witness charge as to Dr. Jaffe, plaintiff's treating physician, the court stated "If you wanted him, you could have subpoenaed him as well as anyone else * * * we've got the records of everything he did in evidence". In fact, as the court was well aware, Telco had subpoenaed Dr. Jaffe, and had requested a continuance to secure his appearance. Only the hospital records related to his treatment of plaintiff were in evidence. Dr. Jaffe's form stating that plaintiff was not disabled was not in evidence.

At the very least, there are troublesome issues as to whether these comments, and the angry remarks made by the court earlier outside the presence of the jury, when a court officer mistakenly delivered to counsel an envelope addressed to the court, impaired the appearance of impartiality. *(Roman v Bronx-Lebanon Hosp. Center, supra.)* Telco had rested its case a few minutes before receiving the envelope. It had not called Dr. Jaffe, since he had earlier informed counsel that he would not appear in response to the subpoena. Counsel for all the respective parties examined the contents of the envelope, including a letter from Dr. Jaffe stating that he might be able to appear on another day and a form stating that plaintiff was not disabled. The court initially denied Telco's application for a continuance, but invited counsel to consider admitting any of the records into evidence. The court then realized that the letter was addressed to it and, on that basis, within earshot of the jury, denied the application to reopen the case. After the jury was excused, counsel for Telco made a record of her application. The court angrily accused counsel of improperly opening its mail, and stated that there was no need for her to make a record unless she challenged the accuracy of the

record he had already made. Only after all parties consented, given the hearsay nature of the form, did the court reluctantly allow it to be marked as an exhibit for identification.

We find the other contentions raised by Globe and Telco to be lacking in merit. Concur—Ross, Milonas, Kassal and Rosenberger, JJ.

Kupferman, J. P., concurs in the result only.