■ ALAN SCHRAGER et al., Appellants, v NEW YORK UNIVERSITY et al., Respondents. [642 NYS2d 243] —Judgment, Supreme

Court, Bronx County (David Levy, J.), entered November 1, 1993, which, after a verdict in the defendants' favor, dismissed the complaint, unanimously modified, on the law, the facts, and in the exercise of discretion, the complaint is reinstated against defendants Joseph Ransohoff, M.D., Vallo Benjamin, M.D., and Nemetallah A. Ghossein, M.D., and the matter is remanded for a new trial as against these defendants, and the judgment is otherwise affirmed, without costs.

This wrongful death action was grounded in allegations of medical malpractice. Plaintiffs claimed that two neurosurgeons departed from accepted medical practice by failing to remove the full corpus of a cancerous tumor located at the base of the decedent's spine, and by not timely diagnosing the tumor as malignant from a pathologist's report prepared after the first of three surgical procedures. A claim against a radiotherapist alleged that this doctor misled the decedent into believing that radiation was a curative, rather than a purely palliative procedure, which caused the decedent to forego radical surgery, ultimately decreasing his chances of survival. Claims against a pathologist and his employer were grounded in an allegation that this doctor committed malpractice by not indicating more clearly in his report that the tumor was malignant or becoming malignant, such to properly warn the defendant neurosurgeons of this fact.

Before commencement of a jury trial, the Trial Judge advised all counsel that he had successfully been treated for cancer, that his son worked in the same hospital as the defendant radiotherapist, and that his daughter-in-law was currently being treated by one of the defendant neurosurgeons. Plaintiffs' counsel requested that the Judge recuse himself from the case, which request was denied. During the course of a lengthy trial generating over 5,000 pages of testimony, including that of numerous expert witnesses, the Trial Judge repeatedly interrupted the questioning of witnesses, admonished plaintiffs' counsel in front of the jury, and unnecessarily injected himself into the proceedings by sustaining at least one defense objection never made, and asking pointed questions of witnesses, all in a manner favoring the defense. After four days of deliberation, the jury returned a defendants' verdict, which plaintiffs moved to set aside on the ground that they were deprived of a fair trial. This motion was denied.

Although the Trial Judge properly concluded that there was no mandatory statutory basis for his disqualification (*see*, Judiciary Law § 14), and that in the absence of statutory grounds the decision upon recusal motion is a matter normally

entrusted to the Trial Judge's personal conscience (*People v Smith*, 63 NY2d 41, 68), bias or prejudice unconnected with a statutory "interest" in the controversy can constitute grounds for concluding that a Trial Judge abused his discretion by failing to disqualify himself where the record reveals that his bias affected the result of the trial (*see, Matter of Johnson v Hornblass*, 93 AD2d 732).

Our review of the instant trial transcript reveals that plaintiffs were denied a fair and unprejudiced consideration of the evidence against both neurosurgeons and the radiotherapist defendants through the cumulative effect of the Trial Judge's improper interference with plaintiffs' presentation of their case, and open bias toward the defense (*Cummings v Consolidated Edison Co.*, 125 AD2d 224, 225; *Salzano v City of New York*, 22 AD2d 656; *Buckley v 2570 Broadway Corp.*, 12 AD2d 473; *Kamen Soap Prods. Co. v Prusansky & Prusansky*, 11 AD2d 676).

However, we decline to reverse the judgment against defendants Dr. Cravioto and New York University, because we cannot conclude that the errors committed by the Trial Justice affected the result as to these defendants. Plaintiffs admittedly failed to prove that the pathologist's report prepared by Dr. Cravioto was a deviation from a proper medical diagnosis, as conceded by plaintiffs' counsel's remark during summation that "we would say Dr. Cravioto should be let out". Since New York University was sued vicariously, as Dr. Cravioto's employer, that portion of the judgment absolving this defendant of liability should also be affirmed. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.