■ ISABEL TAROMINA, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants. [662 NYS2d 491] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 23, 1996, which, after a jury verdict, awarded plaintiff damages in the amount of $5,934,958, structured pursuant to CPLR article 50-B, unanimously reversed, on the law, without costs, and the matter remanded for a new trial before a different Justice.

The trial court's denial of defendants-appellants' request for an apportionment of liability and preclusion of proof as to the divisibility of the injury resulted in severe prejudice to their case and mandates vacatur of the verdict and judgment. The question of liability for the injury here, an above-the-knee amputation of plaintiff's right leg substantially caused by injuries initially inflicted by the automobile defendants, mandated that the apportionment issue be considered by the jury (*see, Ravo v Rogatnick*, 70 NY2d 305; *Lewis v Yonkers Gen. Hosp.*, 174 AD2d 611; *Wiseman v 374 Realty Corp.*, 54 AD2d 119). The question of liability for economic damages, which was predicated in part on left arm and leg injuries for which the jury specifically found defendants-appellants not liable, also mandated consideration of the apportionment issue. The court further erred in denying defendants-appellants' request for a jury instruction and interrogatory pursuant to CPLR article 16. The exception of CPLR 1602 (6) is inapplicable, since plaintiff did not meet her burden pursuant to CPLR

1603 and since, at any rate, defendants-appellants were not being held liable as the users, operators or owners of a motor vehicle, but, instead, were seeking the benefit of the exception against such parties (*see, Siler v 146 Montague Assocs.*, 228 AD2d 33).

A new trial is further mandated by the trial court's excessive, biased intervention into the trial proceedings favoring plaintiff, resulting in the denial of a fair trial to defendants-appellants. Indeed, the court virtually shepherded plaintiff's counsel through the proceedings by, among other things, assuming the examination of witnesses and eliciting evidence critical to plaintiff's case, prompting plaintiff's counsel to make key objections and making repeated disparaging comments to and about defense counsel in front of the jury. This conduct was a violation of a fundamental tenet of due process that the Judge presiding over a trial must remain impartial (*Schrager v New York Univ.*, 227 AD2d 189; *Cummings v Consolidated Edison*, 125 AD2d 224, 225). Consequently, this issue is preserved for our review (*see, Waldman v Cohen*, 125 AD2d 116, 121-122; *Ferreira v New York City Tr. Auth.*, 79 AD2d 596, 597).

In light of the foregoing, appellants' remaining contentions need not be addressed. Concur—Rosenberger, J. P., Wallach, Williams and Andrias, JJ.