■ KAMEN SOAP PRODUCTS CO., INC., Appellant, v. PRUSANSKY & PRUSANSKY, INC., et al., Respondents. NATIONAL FACTORS, INC., Appellant, v. PRUSANSKY & PRUSANSKY, INC., et al., Respondents.— Judgment reversed on the law and the facts and in the interest of justice, and a new trial ordered, with costs to abide the event. On the first trial, plaintiffs obtained a verdict of a jury, based in effect on a finding that defendants had negligently failed to advise plaintiffs of the cancellation of two fire insurance policies with the consequent result that plaintiffs omitted to obtain other coverage for a loss thereafter sustained. This court reversed the judgment on the ground that the verdict was against the weight of the credible evidence and remanded the case for a new trial. (Kamen Soap Prods. Co. v. Prusansky & Prusansky, 5 A D 2d 620.) On the second trial a jury found for defendants, and plaintiffs now appeal. Initially, we find no error in the exclusion and restriction of evidence at the trial. Nor do we quarrel with the finding in favor of defendants. However, we have concluded that plaintiffs were deprived of a fair trial and an unprejudiced consideration of the case by the jury because of Trial Judge's repeated lengthy cross-examination of plaintiffs' witnesses, constant interruptions of answers of the witnesses and unnecessary criticisms of plaintiffs' counsel; and because the Judge so far injected himself into the proceedings that the jury could not review the case in the calm and untrammelled spirit necessary to effect justice. In fact, about

500 folios of a record of 2,500 folios are taken up with the Judge's participation and comments at the trial. Under the circumstances, plaintiffs were not accorded the fair and impartial trial to which they were entitled, and it is unfortunate that we must direct a third trial of this action. Concur — Breitel, J. P., Valente, Stevens and Bastow, JJ.; McNally, J., dissents and votes to affirm in the following memorandum: I dissent and vote to affirm. I agree that a Trial Judge should at all times maintain an impartial attitude in his conduct and demeanor and should exercise a high degree of patience and forbearance with counsel and witnesses to the end that a fair and impartial trial should be accorded all parties. In the instant case, we all agree that the evidence supports the verdict. It is true that the Trial Judge took an active part in the interrogation of witnesses. Strict supervision of a trial and examination by the court with the view of clarifying issues and eliminating irrelevant matter is not necessarily objectionable. I cannot agree that the essentials of sound judicial conduct were violated. Any adverse effect the court's interrogation may have had on plaintiffs' case was the result of the evidence elicited rather than the fact that the testimony may have been responsive to questioning by the Trial Judge.