(October 20, 1964)

ANGELINA SALZANO et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment entered February 20, 1964, unanimously reversed on the law and the facts and in the exercise of discretion, and a new trial ordered, with $50 costs to plaintiffs-appellants. A jury, by a 10–2 verdict, found for defendant in this action to recover damages for injuries sustained when the female plaintiff fell on a sidewalk. The trial which was limited to the question of liability, presented contested issues of negligence and contributory negligence. In our opinion plaintiffs were prevented from obtaining a fair trial by the cumulative effect of the improper conduct of the Trial Justice, as a consequence of which the jury could not have considered the issues in a fair, calm and unprejudiced manner. We said in *Livant* v. *Adams* (17 A D 2d

784) "Inevitably a trial court sets the pattern for the jury". The Trial Judge unnecessarily criticized counsel for plaintiffs for wasting time when counsel properly interposed objections, gratuitously commented on the credibility of a witness and found fault with counsel because of a refusal to stipulate certain evidence. The injection of such comments was improper and unwarranted and may well have diverted the jury from a consideration of the proper issues in the case. Moreover, there was improvident interference and interruption by the Trial Judge during summation by plaintiffs' counsel. Some inkling of the attitude of the Trial Judge during the trial may be gathered from the observations, made after the jury rendered its verdict, to the effect that the Trial Judge had never seen a case like this one where everybody failed to tell the truth. Apart from the prejudicial remarks, the Trial Judge improperly excluded from evidence an enlarged photograph of the sidewalk showing the hole upon which the plaintiff slipped; and incorrectly ruled that the son of plaintiffs could not testify as to the condition of the ground where his mother had fallen. Under the circumstances, plaintiffs did not have a fair trial. A new trial is required in the interests of justice. (Cf. *Soto* v. *Correa,* 20 A D 2d 694; *Henry* v. *Board of Educ.,* 20 A D 2d 555; *Goldbard* v. *Kirchik,* 20 A D 2d 725; *Bishin* v. *New York Cent. R. R. Co.,* 20 A D 2d 921; *Levy* v. *Reilly,* 18 A D 2d 632; *Kamen Soap Prods. Co.* v. *Prusansky & Prusansky,* 11 A D 2d 676.) It should not be necessary constantly to reiterate that plaintiffs and defendants are entitled to and should be accorded a fair trial, and as we said in *Buckley* v. *2570 Broadway Corp.* (12 A D 2d 473) the Trial Judge should "at all times maintain an impartial attitude and exercise a high degree of patience and forbearance." The type of error alluded to herein results only in superfluous appeals and new trials. Concur — Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.