FREDERICK HABENICHT, Appellant, v. R. K. O. THEATRES, INC., Respondent.

First Department, June 29, 1965.

*Norman Roy Grutman* of counsel (*Ciceil L. Gross* with him on the brief), for appellant.

*Joseph J. Brophy* of counsel (*Hanlon & Dawe,* attorneys), for respondent.

*Per Curiam.* It is unfortunate that we again are obliged to repeat what we have so often stated — that all litigants, regardless of the merits of their case, are entitled to a fair trial (*Salzano* v. *City of New York,* 22 A D 2d 656). A deprivation of a fair trial calls for a reversal of the decision or verdict rendered. The conduct of the Trial Judge in this case was such as to deny to the plaintiff the fair trial to which he was entitled. Accordingly, the judgment entered in defendant's favor must be reversed and a new trial ordered.

From the very inception of the trial the court indicated its lack of confidence in the merits of the plaintiff's case, and that indication was made in such fashion that it could not escape the notice of the jury. Not only did the court, in its remarks, convey to the jury its feeling that the plaintiff's case had no merit, but it also prevented the plaintiff from presenting whatever case he did have. There was constant interference by the court with the orderly presentation of plaintiff's case by his counsel. Shortly after plaintiff's counsel had commenced his opening remarks the following colloquy took place:

" The Court: Mr. Grutman, I know you are a devotee of the motto: Never say one word where a thousand will say the same thing. This is a stairway case in the RKO theatre, and you hope to establish negligence. Isn't that your case?

" Mr. Grutman: I believe, your Honor, that I would like to have the jury have an understanding specifically ———

" The Court: Specifically, I think you have told them enough.

" Mr. Grutman: Are you directing me to ———

" The Court: To cease, yes. You have an exception. Sit down, please.''

In addition, the trial court repeatedly sustained objections that were never made to testimony offered in behalf of the plaintiff and it overruled objections of plaintiff's counsel while yet

in the making, and without even affording counsel an opportunity to explain the basis for such objections. A typical example of that conduct is evidenced by the following colloquy:

"Mr. Grutman: Your Honor I submit ———

"The Court: Overruled.

"Mr. Grutman: You haven't even heard my objection.

"The Court: On every ground available it is overruled. I will call for help when I need it."

At another point in the trial, after an objection had been made, the court said: "Mr. Grutman, just understand this: I don't want to hear your reasons for objections. If I need your reasons I will ask for them. Your objection is overruled on every conceivable ground available to you."

It is also apparent from a reading of the entire record that throughout the trial the court made no attempt to mask its conclusion that plaintiff's case was devoid of merit. The nature and manner of presentation of the court's questions addressed to the plaintiff left little to the imagination as to how it felt the case should be determined. The jury could not have misconstrued the trial court's feelings as to the merits of the case, but in the event that the jury failed to grasp the "position" of the court the Judge dispelled any possible doubt on that score in his charge. It is interesting to note that while it did not instruct with respect to the evaluation of the credibility of the defendant's witnesses, the court did discuss the question of plaintiff's credibility and it did so in this manner: "You can consider that [alleged misstatements by plaintiff] on the question of whether he is credible or not, whether he is telling the truth, or whether his desire for money is part of a well-cooked-up plan to secure this insurance and then have an accident, and so set himself up for life." The impropriety of such comment is self-evident.

As we said in *Livant* v. *Adams* (17 A D 2d 784): "Inevitably a trial court sets the pattern for the jury." Here the pattern set was such as to inevitably lead to a defendant's verdict quite apart from the merits of the case.

No matter how strongly a Trial Judge may feel about the lack of merit of a case, there is no justification for denying a plaintiff a fair trial so as to lead to a verdict in keeping with the Judge's views. As Justice VALENTE said in a dissenting opinion in *London* v. *Smith-Cairns Motor Sales Co.* (23 A D 2d 657, 658): "We may not permit erosions of so fundamental a principle upon any basis of a cynical philosophy that the improper means can be justified by the desirable end."

Accordingly, the judgment should be reversed on the law, the facts and in the exercise of discretion, and a new trial ordered, with costs to abide the event.

Botein, P. J., Breitel, Rabin, Valente and Staley, JJ., concur.

Judgment unanimously reversed on the law, the facts and in the exercise of discretion, and a new trial ordered, with $50 costs to abide the event.