■ KENNETH A. GERICHTEN, an Infant, by His Parent and Natural Guardian, KENNETH GERICHTEN, Respondent, et al., Plaintiff, v MARIA RUIZ, Defendant, and WELSBACH ELECTRIC CORP., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Welsbach Electric Corp. appeals from a judgment of the Supreme Court, Kings County, entered May 16, 1980, which awarded the infant plaintiff $255,000 damages, upon a jury verdict. Judgment reversed, on the law and as a matter of discretion, without costs or disbursements, and action remitted to the Supreme Court, Kings County, for a new trial on the issue of damages. No issues have been presented with respect to liability. The major issues on the damage phase of this bifurcated trial were (1) whether certain fainting episodes experienced by the infant plaintiff were traumatic epileptic seizures and (2) whether the episodes and certain learning and emotional problems were the proximate results of the accident or, rather, were the results of parental abuse and neglect antedating the accident. Our review of the record reveals that the trial court persistently and unnecessarily interjected itself in the proceedings with questions that tended either to rehabilitate respondent's expert witnesses or to blunt the testimony of appellant's expert. In our view, the totality of the court's intercessions on behalf of the respondent and its cross-examinations of appellant's expert had the effect of depriving the appellant of an impartial jury verdict on the issue of damages. Accordingly, reversal is mandated (see *Mendez v Manhattan & Bronx Surface Tr. Operating Auth.,* 57 AD2d 823; *Goldbard v Kirchik,* 20 AD2d 725; *Kamen Soap Prods. Co. v Prusansky & Prusansky,* 11 AD2d 676; *Dlugoff v Tecklin,* 263 App Div 998; *Kaminsky v American Newspapers,* 255 App Div 882). We have also reviewed appellant's contention concerning the exclusion of portions of certain documents. Although we agree that some of the exclusionary rulings were erroneous, we do not believe the errors were prejudicial in view of the admission of other portions of the same documents. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.