■ DANIEL LOPEZ, as Administrator, Respondent, v LINDEN GENERAL HOSPITAL, Defendant and Third-Party Plaintiff-Respondent-Appellant. KINGS COUNTY HOSPITAL et al., Third-Party Defendants-Appellants-Respondents. — In a medical malpractice action to recover damages for conscious pain and suffering and wrongful death, third-party municipal defendants appeal from a judgment of the Supreme Court, Kings County (Brownstein, J.), dated December 9, 1977, which, upon a jury verdict, awarded plaintiff individually and as decedent's administrator the principal sums of $600,000 for wrongful death and $200,000 for conscious pain and suffering, respectively. Defendant third-party plaintiff Linden General Hospital appeals from the same judgment and an order of the same court (Greenspun, J.), dated April 24, 1979, which, *inter alia,* declared invalid a purported stipulation of settlement between it and plaintiff. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Order affirmed. Plaintiff individually and as administrator of his wife's estate brought this action in 1972 against Linden General Hospital, *inter alia,* for its failure to adequately treat his spouse after she was stabbed in early 1971. Linden General Hospital commenced a third-party action against Kings County Hospital and the other municipal defendants, alleging that it had timely summoned an ambulance to transfer plaintiff's spouse to Kings County Hospital for treatment there. Linden General Hospital was in bankruptcy prior to the start of trial, and plaintiff did not sue the municipal defendants. After awarding plaintiff a verdict in the principal sum of $600,000 for wrongful death and $200,000 for conscious pain and suffering, the jury apportioned culpability of the two hospitals as 30% for Linden General and 70% for Kings County. During the trial, the court routinely interrupted counsel to question the witnesses in a manner that was at times facetious, at other times pedantic, and often in detail, concerning hospital standards of care, other witnesses' opinions, diagnostic techniques and ambulance response

times in New York City. The gratuitous nature of these intrusions particularly on cross-examination, the manner in which they were made, and their frequency, deprived the municipal appellants of a fair trial. Therefore reversal of the judgment is mandated. (See *Gerichten v Ruiz,* 80 AD2d 578; *Habenicht v R. K. O. Theaters,* 23 AD2d 378; *Salzano v City of New York,* 22 AD2d 656.) Damiani, J. P., Gibbons, O'Connor and Boyers, JJ., concur.