■ Linda Pagano et al., Respondents-Appellants, v Thomas M. Murray, Respondent, and Stephen A. Katz et al., Appellants-Respondents, et al., Defendant. [766 NYS2d 110] —In an action to recover damages for medical malpractice, etc., the defendants Stephen A. Katz and Mid-Hudson Medical Group, P.C., appeal from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated May 9, 2002, as granted

that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside so much of a jury verdict as was in favor of the defendant Stephen A. Katz and against the plaintiffs and for a new trial as to the defendant Stephen A. Katz, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as was in favor of the defendant Thomas M. Murray and against them and for a new trial as to the defendant Thomas M. Murray.

Ordered that the appeal by Mid-Hudson Medical Group, P.C., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In light of the inflammatory and improper summation comments of the counsel for the defendant Stephen A. Katz, we conclude that the trial court properly exercised its discretion under CPLR 4404 (a) in setting aside the jury verdict and granting a new trial as to Katz (*see King v City of New York,* 209 AD2d 673 [1994]; *Steidel v County of Nassau,* 182 AD2d 809, 814 [1992]; *La Russo v Pollack,* 88 AD2d 584 [1982]). The defense counsel's comments were particularly improper and unbecoming because Katz offered no expert witness on his behalf and instead, chose to suggest that the plaintiffs' expert was "a biased prejudiced paid off witness" who "lied," and whose testimony was "worthless" and "valueless." Moreover, Katz's counsel improperly attempted to deflect the jurors' attention from the issues in the case when he told them that the case was really more about the plaintiffs' expert than anything else. We are not persuaded that the cumulative effect of this conduct did not influence the jury verdict in Katz's favor. Since the error was fundamental, it would have been a gross injustice to allow the verdict to stand as to Katz, and thus, we affirm the trial court's grant of a new trial as to Katz.

Viewing the evidence in its totality, the verdict in favor of the defendant Thomas M. Murray was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]). Moreover, the improprieties committed by counsel for Katz did not influence the verdict in favor of Murray since the improper comments were not directed toward Murray or the expert who presented testimony in his favor (*cf. La Russo v Pollack, supra).*

The plaintiffs' remaining contention is without merit. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.