■ PAULETTE BUTLER et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [810 NYS2d 209]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated July 9, 2004, which, upon the granting of a motion of the defendant New York City Housing Authority pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, is in favor of the defendant New York City Housing Authority and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted to be held before a different justice, with costs to abide the event.

The plaintiff Paulette Butler (hereinafter the plaintiff) was injured when she slipped on debris and fell down the stairwell located on the premises owned by the defendant New York City Housing Authority (hereinafter the defendant) on the evening of August 13, 1998, as she was leaving the building after visiting her sister in her sister's apartment. The plaintiff testified that she was required to use the stairs because the elevators were not operational.

During the course of the plaintiffs' case, the plaintiffs presented evidence that the lighting in the area where she fell was defective and the stairwell was strewn with debris. Testimony

was elicited that the subject stairwell was in that same condition early in the afternoon of the day of the accident.

During the course of the trial, the trial court exceeded its role as "arbiter" and assumed the role of "advocate" (see *Gionta v Whyzmuzis*, 44 AD2d 850 [1974]). For example, on direct examination of the plaintiff, when the plaintiff noted that the subject stairwell was "dark" and "dim," the trial court asked her "Would you be able at that time to read the newspaper by the light that was there?" and when the plaintiff replied "Not at all" asked the rhetorical question "And yet you walked down the steps?" implying that the plaintiff was at fault for using the stairs.

The trial court precluded the plaintiff from presenting her sister's testimony that the condition of the subject stairway was dark and dirty on the morning prior to the accident. The trial court informed that plaintiff's counsel that such testimony might "favor" the defendant since "your client should not have assumed the risk and should have used" another stairway.

Thereafter, during argument over whether certain photographs of the accident site were properly admitted in evidence, the trial court informed defense counsel that "this argument is going to be rendered academic." The trial court instructed the defense counsel to "[g]ive me argument" on a motion to dismiss on the ground that the plaintiffs "failed to establish a prima facie case."

After the defense counsel argued that there was no evidence of actual or constructive notice of a defective condition, the trial court argued that the plaintiff was at fault for continuing down the stairway when she saw that the light was insufficient. The trial court then granted the defendant's motion on the ground that "a prima facie case has not been made."

This was error. There were questions of fact regarding whether the defendant had notice of the subject dangerous condition that should have been left for the jury to determine (see CPLR 4401; *Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755 [2000]).

Further, the intrusions of the trial court into the examination of witnesses and the nature and extent of the trial court's questions and comments deprived the plaintiff of a fair trial (see *Lopez v Linden Gen. Hosp.*, 89 AD2d 1010, 1011 [1982]). The trial court took the adversarial position that the plaintiff had assumed the risk of a defective condition and used that doctrine as a basis for dismissing the action. However, with the adoption of the doctrine of comparative negligence, assumption of the risk, assuming that doctrine applied to this case, is not an

absolute defense unless the plaintiff is engaged in an activity with special hazards such as participation in sports (*see Turcotte v Fell*, 68 NY2d 432, 438 [1986]).

The defendant's remaining contentions are without merit. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.