◾ ANN E. O'NEIL, Appellant, v STEPHEN C. KLASS et al., Respondents. [829 NYS2d 144]—

In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), entered May 16, 2005, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, with costs, the complaint is reinstated, the motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff maintains that she was deprived of a fair trial by several erroneous evidentiary rulings, as well as the improper conduct of the defense counsel. We agree.

The defense counsel made many improper, inflammatory remarks during the cross-examination of the plaintiff's experts and summation (*see Pagano v Murray,* 309 AD2d 910 [2003]). For instance, during the cross-examination of one of the

plaintiff's expert witnesses, the defense counsel repeatedly characterized the witness's responses as "lies," accused the witness of "deliberately misleading the jury," and called him "an evasive person" as well as a "professional" witness. In summation, he stated "[T]he man is a lie," and argued that the witness was a "self-admitted professional witness."

In addition to the improprieties committed by the defense counsel, the trial court also committed certain errors. The trial court erred in curtailing the testimony of the plaintiff's decedent's pharmacist. The defense counsel objected to that witness's testimony on the basis that the plaintiff had failed to disclose this witness prior to trial. The subject witness was a fact witness and not an expert witness. Thus, the disclosure requirement contained in CPLR 3101 (d) (1) was inapplicable (see Sheppard v Blitman/Atlas Bldg. Corp., 288 AD2d 33, 35 [2001]).

The trial court also improperly permitted the defense counsel, during the cross-examination of the plaintiff, to utilize the plaintiff's bill of particulars in order to suggest that she was litigious in suing another physician.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.