PATRICK DECRESCENZO et al., Respondents, v ORLANDO GONZALEZ et al., Appellants. [847 NYS2d 236]—

In an action to recover damages for medical malpractice, etc., the defendants Orlando Gonzalez and Orlando Gonzalez, M.D. P.C., appeal, and the defendant St. Vincent's Catholic Medical Center of New York separately appeals, from a judgment of the Supreme Court, Kings County (Bayne, J.), dated May 17, 2006, which, (a) upon a jury verdict on the issue of liability, (b) upon a jury verdict on the issue of damages awarding the infant plaintiff the sums of $50,000 for future medical care, $40,000 for future medical equipment, $40,000 for future physical therapy, $40,000 for future occupational therapy, $40,000 for

future psychological therapy, $40,000 for future aide service, $250,000 for past pain and suffering, and $100,000 for future pain and suffering, (c) upon an order of the same court dated February 28, 2005, granting that branch of the plaintiffs' motion which was to correct an error in reporting the jury verdict on the issue of damages to the extent of directing a hearing on the issue of whether the jurors made a ministerial error in recording the verdict, (d) upon an order of the same court dated March 11, 2005, which, after the hearing, granted that branch of the plaintiffs' motion which was to correct an error in reporting the jury verdict on the issue of damages to reflect the jury's intent to award the infant plaintiff the sums of $3,300,000 for future medical care, $2,640,000 for future medical equipment, $2,000,000 for future physical therapy, $2,000,000 for future occupational therapy, $2,320,000 for future psychological therapy, $2,000,000 for future aide service, $250,000 for past pain and suffering, and $6,600,000 for future pain and suffering, and (e) upon an order of the same court dated July 22, 2005, denying those branches of the defendants' separate motions which were, inter alia, to set aside the verdict and for a new trial on the ground that certain improper conduct occurred during the trial, and granting those branches of the defendants' separate motions which were to set aside the verdict as excessive to the extent of reducing the award of damages for future medical care from the sum of $3,300,000 to the sum of $180,226, the award of damages for future medical equipment from the sum of $2,640,000 to the sum of $508,872, and the award of damages for future pain and suffering from the sum of $6,600,00 to the sum of $4,950,000, is in favor of the infant plaintiff and against them in the aggregate sum of $14,209,098.

Ordered that the judgment is reversed, on the law, those branches of the defendants' separate motions which were to set aside the verdict and for a new trial on the ground that certain improper conduct occurred during the trial are granted, the order dated June 22, 2005, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial before a different justice, with costs to abide the event.

"[A]ll litigants, regardless of the merits of their case, are entitled to a fair trial" (*Habenicht v R. K. O. Theatres*, 23 AD2d 378, 379 [1965]; *see Salzano v City of New York*, 22 AD2d 656 [1964]). A trial judge should " 'at all times maintain an impartial attitude and exercise a high degree of patience and forebearance' " (*Salzano v City of New York*, 22 AD2d at 657, quoting *Buckley v 2570 Broadway Corp.*, 12 AD2d 473, 473 [1960]). A trial judge may not " 'so far inject himself [or herself]

into the proceedings that the jury could not review the case in the calm and untrammeled spirit necessary to effect justice' " (*Schaffer v Kurpis*, 177 AD2d 379, 379 [1991], quoting *Kamen Soap Prods. Co. v Prusansky & Prusansky*, 11 AD2d 676, 676 [1960]).

Throughout this lengthy and acrimonious trial, the Trial Justice demonstrated a propensity to admonish the defense counsel at a substantially more frequent rate than she did the plaintiffs' counsel, often admonishing the defense counsel for actions about which she failed to comment when committed by the plaintiffs' counsel. She gave the plaintiffs' counsel significantly more leeway in cross-examining witnesses and in making extraneous comments than she gave the defense counsel. During the trial and in front of the jury, she gave a gift to the infant plaintiff. Later, also during trial, she gave each jury member a gift when the court recessed for a holiday break. Under the circumstances, the defendants were denied a fair trial by virtue of the cumulative effect of the improper conduct of the trial court, and as a result, the jury could not have considered the issues at trial in a fair, calm, and unprejudiced manner (*see Ougourlian v New York City Health & Hosps. Corp.*, 5 AD3d 644, 645 [2004]; *Gentile v Terrace Hgts. Hosp.*, 57 AD2d 585 [1977]; *Perkins v New York Racing Assn.*, 51 AD2d 585 [1976]). Accordingly, a new trial is warranted.

We note that the trial court also erred in granting the plaintiffs' motion to correct an alleged ministerial error made by the jury in recording its verdict, based upon the submission of affidavits of each juror sworn to more than a week after the verdict was rendered, and upon improperly holding a hearing to determine whether the affidavits reflected each juror's true intent. Here, although the plaintiffs' counsel allegedly learned from at least two jurors, immediately after their discharge and before they left the courthouse, that they had intended their award of damages in each category to be on an annual basis, the plaintiffs' counsel did not procure affidavits from any of the jury members until more than one week later. During that time, the plaintiffs' counsel obviously communicated with each juror, exposing them to "outside influences of the most prejudicial sort" (*Moisakis v Allied Bldg. Prods. Corp.*, 265 AD2d 457, 458 [1999]). In the interest of protecting against the posttrial harassment of jurors and the instability of jury verdicts, the trial court should not have altered the jury's verdict under these unique circumstances (*see Moisakis v Allied Bldg. Prods. Corp.*, 265 AD2d at 457, 458; *cf. Smith v Field*, 302 AD2d 585 [2003]).

The defendants' remaining contentions are without merit or

have been rendered academic in light of our determination. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.