■ BARBARA McARDLE, Appellant, et al., Plaintiff, v PATRICIA HURLEY, Respondent. [858 NYS2d 690]—

In an action to recover damages for personal injuries, etc., the plaintiff Barbara McArdle appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), dated October 18, 2006, which, upon a jury verdict on the issue of damages awarding her the principal sums of only $40,000 for past pain and suffering and only $2,000 for future medical expenses, and awarding no damages for past and future lost earnings, past medical expenses, and future pain and suffering, is in favor of her and against the defendant in the principal sum of only $42,000.

Ordered that the judgment is reversed, on the law and in the

exercise of discretion, with costs, and the plaintiff Barbara Mc-Ardle is granted a new trial on the issue of damages.

On November 12, 2002, the plaintiff Barbara McArdle (hereinafter the plaintiff), age 47, a Special Agent for the Federal Bureau of Investigation, was struck by a car in a cross walk, and propelled 10 feet. She was hospitalized after the accident. Thereafter, on December 16, 2002, she underwent surgery to repair a tear in the rotator cuff tendon in her left shoulder. On March 31, 2003, she underwent surgery to realign her kneecap, and two screws were inserted to hold her kneecap in place.

In January 2004 the plaintiff was authorized to return to work on restricted duty. On November 15, 2004, she had additional surgery to remove the screws in her left knee because they were causing pain. On December 30, 2005, she had additional surgery on her left knee. Her total medical expenses amounted to $35,638.84. The plaintiff submitted evidence that, as a result of her injuries and the restrictions in her duties, she was directed to retire from her position at her earliest retirement date in November 2007.

The jury limited the plaintiff's award for past pain and suffering to $40,000, declined to award her any damages for past medical expenses or past lost earnings, awarded her the sum of $2,000 in future medical expenses, and declined to award her any damages for future pain and suffering or lost earnings. On appeal, the plaintiff contends, inter alia, that the conduct of the defense counsel deprived her of a fair trial.

At trial, defense counsel, over objection, cross-examined the plaintiff about her husband's pension as a retired police officer on disability pay. The objection was overruled. Defense counsel asked the plaintiff whether she and her husband discussed "the fact that he was collecting three quarters [pay] tax-free and he was also able to work . . . full-time at St. Barnabas [Hospital] and do all these other consultant things as well."

During the testimony of the plaintiff's economist, defense counsel again addressed the fact that the plaintiff's husband "retired from the [New York City Police Department, hereinafter NYPD] on a disability." The economist replied that that was not relevant. Nevertheless, defense counsel was permitted to ask, over objection, whether the plaintiff's "family income . . . for him [was] 75 percent and it's tax-free." After the economist stated "That is correct," defense counsel readdressed this issue and asked the economist if he "look[ed] at the tax returns to see what kind of money he is making in addition to his disability pension?" and the economist replied "No. I was asked to focus on [the plaintiff]."

Thereafter, defense counsel, in summation, argued over objection that the plaintiff is "snowing you" when she testified that she intended to work until mandatory retirement and never intended to retire early. After counsel's objection was overruled on the ground that it was "comment," defense counsel argued that the plaintiff's husband "maxed out on the NYPD system in terms of what he could do" and the plaintiff's claims against the defendant complaint were "all designed for her to max out in the civil justice system. That's what this case is about."

The inflammatory conduct of defense counsel, including his use of the plaintiff's husband's disability retirement as evidence that her entire family were seeking to "max out in the civil justice system," so contaminated the proceedings as to deprive the plaintiff of a fair trial (*see Brooks v Judlau Contr., Inc.,* 39 AD3d 447 [2007]; *Vassura v Taylor,* 117 AD2d 798 [1986]; *Bagailuk v Weiss,* 110 AD2d 284 [1985]). Accordingly, the plaintiff is entitled to a new trial with respect to damages.

The plaintiff's remaining contentions need not be addressed in light of our determination. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.