■ RAFAEL RODRIGUEZ et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants and Third-Party Plaintiffs. TRIAD CORPORATION, Third-Party Defendant-Respondent. [889 NYS2d 220]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of Supreme Court, Kings County (Solomon, J.), dated November 19, 2007, which denied their motion pursuant to CPLR 4404 (a) to set aside, in the interest of justice and as inadequate, a jury verdict on the issue of damages awarding the plaintiff Rafael Rodriguez the sums of only $74,000 for past lost earnings and $26,000 for past pain and suffering, and for a new trial on the issue of damages.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs, those branches of the plaintiffs' motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on that issue are granted, that branch of the motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as inadequate is denied as academic, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

On November 12, 1993 the plaintiff Rafael Rodriguez (hereinafter Rodriguez) was injured when, while working at a construction site, he fell off a scaffold. Subsequently, Rodriguez and his wife, suing derivatively, commenced the instant personal injury action. After Rodriguez was awarded summary judgment on the issue of liability on his cause of action to recover damages for a violation of Labor Law § 240 (1), the matter proceeded to a trial on the issue of damages, after which a jury awarded Rodriguez

the sums of $74,000 for past lost earnings and $26,000 for past pain and suffering.

The plaintiffs moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict in the interest of justice, and for a new trial on the issue of damages, maintaining that they were deprived of a fair trial by virtue of several erroneous evidentiary rulings, as well as improper conduct on the part of defense counsel and the trial court. We agree.

CPLR 4404 (a) provides that, "[a]fter a trial . . . by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict . . . and . . . may order a new trial . . . in the interest of justice." A motion pursuant to CPLR 4404 (a) should not be granted unless the movant presents evidence to establish that "substantial justice has not been done, as would occur, for example, where the trial court erred in ruling on the admissibility of evidence, there is newly-discovered evidence, or there has been misconduct on the part of attorneys or jurors" (*Gomez v Park Donuts*, 249 AD2d 266, 267 [1998] [citations omitted]; *see Lucian v Schwartz*, 55 AD3d 687 [2008]; *Langhorne v County of Nassau*, 40 AD3d 1045 [2007]). The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury (*see Huff v Rodriguez*, 64 AD3d 1221, 1223 [2009]).

Specifically, in his opening statement, defense counsel stated that Rodriguez, who alleged that he was unable to work as a result of back injuries he sustained from the fall, was disabled due to "lung problems," sepsis, and his treatment with interferon for hepatitis C. In his summation, defense counsel referred to the testimony of Rodriguez's vocational economic analyst as "totally incredible" and a "kind of tweaker." Additionally, during the course of summarizing the testimony of an economic analyst retained by the plaintiffs, defense counsel exclaimed, "[w]hat a liar," when describing the analyst and the analyst's statement that he did not have a calculator with him at trial. In addition, defense counsel rhetorically asked "[w]hy do they lie to you?" when telling the jury that the case was about fair and adequate compensation for the injuries Rodriguez sustained in the accident. Defense counsel went on to state: "It's not a lottery. It's not a game. It's not 'here's the American dream, come over here, fall off a scaffold, get a million dollars.'" Finally, defense counsel also told the jury that, from the beginning of his testimony, Rodriguez's treating chiropractor was "not being honest, is not being truthful."

Such comments, which were not isolated, were plainly preju-

dicial and designed to deprive the plaintiffs of their right to a fair trial (*see Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449 [2007], *revd on other grounds* 11 NY3d 204 [2008]; *see also McArdle v Hurley*, 51 AD3d 741, 743 [2008]; *Vazquez v Costco Cos., Inc.*, 17 AD3d 350, 352 [2005]). The underlying principle is that litigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court (*see e.g., DeCrescenzo v Gonzalez*, 46 AD3d 607, 608 [2007]). The comments by defense counsel were inflammatory and unduly prejudicial, and should have been precluded by the trial court (*see O'Neil v Klass*, 36 AD3d 677, 677-678 [2007]; *Pagano v Murray*, 309 AD2d 910, 911 [2003]). In *Pagano v Murray*, we held that comments similar to those of the defense counsel here were "particularly improper and unbecoming because [the defendant] offered no expert witness on his behalf" (*id.* at 911; see *also Grasso v Koslowe*, 38 AD3d 599 [2007]).

Defense counsel, in his opening statement, commented that Rodriguez had come down with sepsis, "which is an incredibly dangerous blood borne infection." The plaintiffs' counsel objected, arguing that there would be no testimony with regard to that issue or condition. The trial court overruled the objection and went on to comment about Rodriguez's assorted other unrelated medical conditions.

Later, during the defendants' cross-examination of Rodriguez, the plaintiffs objected to the question of whether Rodriguez was familiar with the radiographs of his lower back. Rodriguez responded that he did not recall. The trial court overruled the objection and said, in the presence of the jury: "Counselor, again, it's subject to connection. It's a big problem you have here."

These statements, taken together with certain other comments made by the trial court, evince a course of conduct by which the trial court unduly injected itself into the cross-examination (*see O'Brien v Barretta*, 1 AD3d 330, 332 [2003]; *Mantuano v Mehale*, 258 AD2d 566, 567 [1999]; *Gerichten v Ruiz*, 80 AD2d 578 [1981]), thus further serving to deprive the plaintiffs of a fair trial (*see Butler v New York City Hous. Auth.*, 26 AD3d 352, 353-354 [2006]; *Vazquez v Costco Cos., Inc.*, 17 AD3d at 352; *cf. Huff v Rodriguez*, 64 AD3d at 1223), a fundamental right to which all litigants, regardless of the merits of their case, are entitled (*see DeCrescenzo v Gonzalez*, 46 AD3d at 608; *Desinor v New York City Tr. Auth.*, 34 AD3d 521 [2006]; *Habenicht v R. K. O. Theatres*, 23 AD2d 378, 379 [1965]; *Salzano v City of New York*, 22 AD2d 656, 657 [1964]). These troublesome comments created an atmosphere in which there was a

significant probability that the jury was distracted from the issues presented in the case and, hence, a new trial is warranted on this ground as well (*see DeCrescenzo v Gonzalez*, 46 AD3d at 608).

The trial court also erred in ruling that the plaintiffs' counsel could not utter the word "disability" in front of the jury, while permitting defense counsel to use that word in front of the jury with seeming impunity.

In addition, since it was established that the medical records of Rodriguez's treating physician were business records made in the ordinary course of business, the trial court should have allowed those records into evidence (*see Wilbur v Lacerda*, 34 AD3d 794, 795 [2006]; *see also Crisci v Sadler*, 253 AD2d 447, 449 [1998]; CPLR 4518). Accordingly, the plaintiffs were deprived of a fair trial by this improper evidentiary ruling as well, which provides a further basis on which a new trial in the interest of justice is warranted (*see Langhorne v County of Nassau*, 40 AD3d at 1048; *Durant v Shuren*, 33 AD3d 843, 844 [2006]; *Stevens v Atwal*, 30 AD3d 993, 994 [2006]).

In light of our determination, we do not reach the plaintiffs' remaining contentions. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.