■ JUN SUK SEO, Respondent, v EDWARD A. WALSH, Appellant, et al., Defendants. [918 NYS2d 146]—

Following a trial, a jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff moved, pursuant to CPLR 4404 (a), to set aside the verdict as contrary to the weight of the evidence, and based on allegedly inflammatory and highly prejudicial remarks made by the defense counsel in summation. The defendant Edward A. Walsh (hereinafter the defendant) opposed both grounds for setting aside the verdict. The Supreme Court concluded that defense counsel's summation remarks improperly influenced the jury, granted the plaintiff's motion to set aside the verdict on the ground that the inflammatory and highly prejudicial remarks warranted a new trial on the issue of serious injury in the interest of justice, and granted a new trial on the issue of serious injury. Consequently, the Supreme Court did not address the plaintiff's contention that the jury verdict was contrary to the weight of the evidence.

Contrary to the plaintiff's contention and the conclusion of the Supreme Court, defense counsel's summation comments were not so inflammatory or prejudicial as to deprive the plaintiff of a fair trial *(cf. McArdle v Hurley*, 51 AD3d 741 [2008]; *Vassura v Taylor*, 117 AD2d 798 [1986]).

On appeal, however, the plaintiff urges us to consider, as an alternative ground for affirmance, his contention that the jury

verdict on the issue of serious injury was contrary to the weight of the evidence, and that a new trial should be held on that issue (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]). Since that issue was argued before the Supreme Court, and has been briefed by the parties before us, we address the plaintiff's alternative contention that the jury verdict on the issue of serious injury was contrary to the weight of the evidence, and affirm the order on this alternative ground.

"To set aside a jury verdict as against the weight of the evidence, it must be concluded that the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Scudera v Mahbubur*, 39 AD3d 620, 620 [2007]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

At trial, the plaintiff's treating neurologist, Dr. Hal Gutstein, testified that, as a result of the subject car accident, the plaintiff sustained a cervical radiculopathy due to herniated disks at the C4-C5 and C5-C6 levels, which impinged upon the plaintiff's spinal cord. Dr. Gutstein opined that, as a result of the accident, the plaintiff sustained a flexion/extension injury to the cervical region of his spine of a magnitude sufficient to cause disk herniations at two levels. The plaintiff underwent a discectomy, a procedure in which his herniated disks were cut out and a biomechanical device was inserted into his spine to stabilize it. Furthermore, Dr. Gutstein examined the plaintiff approximately one year after the discectomy, and found that the plaintiff had significant limitations in the range of motion of the cervical region of his spine. Specifically, Dr. Gutstein concluded that the flexion of the cervical region of the plaintiff's spine was 45 degrees, with 75 degrees being the normal range of motion; his extension was 10 degrees, with 30 degrees being normal; and his rotation was 25 degrees, with 45 degrees being normal.

Moreover, Dr. Gutstein opined that the plaintiff would have chronic symptoms, which would never resolve, and that the restrictions in the movement of the plaintiff's neck were permanent. In addition, Dr. Ksushik Das, who performed the discectomy on the plaintiff, testified that the plaintiff's injuries were permanent.

The defendant presented the testimony of Dr. Sang Lee, a specialist in physical medicine and rehabilitation, who examined the plaintiff in May and December of 1999, in connection with a 1999 car accident in which the plaintiff was involved. Dr. Lee determined that the plaintiff's neck was stiff, with limited range of motion. In addition, Dr. Lee testified that the plaintiff had

post-traumatic cervical sprain and strain, a disk herniation at L5-S1, disk protrusions at L4-L5, and S1 radiculopathy. Further, Dr. Lee stated that the plaintiff's prognosis was guarded and that the plaintiff had a permanent partial disability.

Dr. Renan Macias, a neurologist, examined the plaintiff in June and July of 1999. Dr. Macias found decreased range of motion of the cervical and lumbosacral regions of the plaintiff's spine, right shoulder, and arm. In addition, Dr. Macias noted a decreased sensation in the plaintiff's arm, which, according to Dr. Macias, indicated herniation or bulging of the cervical nerve root.

Dr. Leon Sultan, a board-certified orthopedic surgeon, also testified on behalf of the defendant. Dr. Sultan examined the plaintiff in October 2007 in connection with the subject car accident, which occurred in August 2006, and found that the subject car accident did not result in a significant limitation of the use of a body function or system, or a permanent consequential limitation of the use of a body organ or member. Dr. Sultan did not believe that the plaintiff had herniated disks; rather, according to Dr. Sultan, MRI films revealed the presence of mere bulges.

Significantly, none of the defendant's witnesses rebutted the plaintiff's showing that he underwent a discectomy, or provided any testimony that the discectomy was unnecessary.

Under these circumstances, we conclude that the jury's verdict—that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)—could not have been reached on any fair interpretation of the evidence (see Scudera v Mahbubur, 39 AD3d at 621; Nicastro v Park, 113 AD2d at 134).

Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of serious injury, but should have done so on the ground that the verdict was contrary to the weight of the evidence, and should have granted a new trial on that basis. Dickerson, J.P., Hall, Austin and Cohen, JJ., concur.