■ ILEANA ORTIZ et al., Appellants, v ANA JARAMILLO et al., Defendants, and GEORGE TSIOULAS, Respondent. [921 NYS2d 870]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 13, 2009, which granted that branch of the motion of the defendant George Tsioulas pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of them and against that defendant and for a new trial in the interest of justice.

Ordered that the order is affirmed, with costs.

"[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (*Rodriguez v City of New York*, 67 AD3d 884, 886 [2009]; *see DeCrescenzo v Gonzalez*, 46 AD3d 607, 608 [2007]). CPLR 4404 (a) provides that, "[a]fter a trial . . . by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict . . . and . . . may order a new trial . . . in the interest of justice." A motion pursuant to CPLR 4404 (a) should not be granted on this ground unless "substantial justice has not been done, as would occur, for example, where . . . there has been misconduct on the part of the attorneys" (*Gomez v Park Donuts*, 249 AD2d 266, 267 [1998] [citations omitted]; *see Rodriguez v City of New York*, 67 AD3d 884, 885 [2009]).

Here, the comments of the plaintiffs' counsel, including his repeated denigration of the veracity of defense witnesses and his vouching for the plaintiffs' witnesses, were not isolated, were inflammatory, and were unduly prejudicial. These prejudicial comments so tainted the proceedings as to have deprived the defendant George Tsioulas of a fair trial (*see Rodriguez v City of New York*, 67 AD3d at 885-886; *Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449 [2007], *revd on other grounds* 11 NY3d 204 [2008]; *Vassura v Taylor*, 117 AD2d 798 [1986]; *see also McArdle v Hurley*, 51 AD3d 741, 743 [2008]; *O'Neil v Klass*, 36 AD3d 677, 677-678 [2007]; *Pagano v Murray*, 309 AD2d 910, 911 [2003]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch Tsioulas's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for a new trial in the interest of justice.

In light of our determination, we need not reach Tsioulas's remaining contention. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.