Reyes v MTA Bus Co. (2022 NY Slip Op 50364(U))

[*1]

Reyes v MTA Bus Co.

2022 NY Slip Op 50364(U) [75 Misc 3d 127(A)]

Decided on May 6, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 6, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-612 Q C

Manuel Reyes, Appellant, 
against
MTA Bus Company and Soman Dameion, Respondents, and New
York City Transit Authority, et al., Defendants.
 
 ———————————
————————————
1;—————————
 MTA Bus Company and Soman Dameion, et al., Third Party Plaintiffs, 
 against
Young Adult Institute, Inc., Third Party Defendant.

Manuel Reyes, appellant pro se.
Morris, Duffy, Alonso & Faley (Iryna S. Krauchanka and Robert Whitbeck of counsel), for
respondents.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New
York, Queens County (Larry Love, J.), entered February 15, 2019. The judgment, upon a jury
verdict, awarded plaintiff the principal sum of $625,000. The appeal from the judgment brings up
for review an order of that court entered February 23, 2018 denying plaintiff's posttrial motion to
increase the damages award for past and future pain and suffering or, in the alternative, to set
aside the jury verdict and for a new trial on the issue of damages.

ORDERED that the judgment is affirmed, without costs. 
Plaintiff commenced this negligence action in Supreme Court, Queens County, to recover for
personal injuries he sustained when, while he was a passenger on a bus owned by defendant
MTA Bus Company and operated by defendant Soman Dameion (defendants), it collided with
another vehicle. The matter was subsequently transferred to the Civil Court, Queens County,
pursuant to CPLR 325 (d). Following a bifurcated jury trial, defendants were found to be 100%
liable for the accident and the jury awarded plaintiff $150,000 for past pain and suffering,
$200,000 for future pain and suffering, and $275,000 for future medical expenses. Plaintiff
moved, pursuant to CPLR 4404 (a), to increase the award to $2,500,000 for past pain and
suffering and $1,200,000 for future pain and suffering or, in the alternative, to set aside the [*2]verdict as being contrary to the evidence and contrary to awards in
other cases with similar injuries. Plaintiff also argued that the court allowed improper questions
during defense counsel's cross-examination of plaintiff as well as allowing improper arguments
during defense counsel's summation. By order entered February 23, 2018, the Civil Court denied
the motion. A judgment awarding plaintiff the principal sum of $625,000 was entered on
February 15, 2019.
On appeal, plaintiff argues that he was deprived of a fair trial based on improper
cross-examination questions and summation by defense counsel. Plaintiff also argues that the
verdict was inadequate.
Upon a review of the record, we find that the questions and comments complained of, to
which plaintiff did not object at trial, "do not rise to the level of the type of error mandating
reversal" (Kamen v City of New York, 169 AD2d 705, 706 [1991]; see also Reilly v
Wright, 55 AD2d 544 [1976]). Moreover, we find that the jury's award of $150,000 for past
pain and suffering and $200,000 for future pain and suffering did not materially deviate from
what would be reasonable compensation (see CPLR 5501 [c]; Sweet v Rios, 113
AD3d 750 [2014]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., and WESTON, J., concur.
TOUSSAINT, J. dissents and votes to reverse the judgment, vacate the February 23, 2018
order and grant the branch of plaintiff's posttrial motion seeking to set aside the jury verdict and
for a new trial on the issue of damages in the following memorandum: 
CPLR 4404 (a) provides that, "[a]fter a trial . . . by a jury, upon the motion of any party or on
its own initiative, the court may set aside a verdict . . . and . . . may order a new trial . . . in the
interest of justice." "A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new
trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of
evidence" (Chihuahua v Birchwood Estates, LLC, — AD3d —, 2022 NY
Slip Op 01987, *2 [2022] [internal quotation marks omitted], citing Morency v Horizon
Transp. Servs., Inc., 139 AD3d 1021, 1023 [2016]). 
"[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by
counsel or the trial court" (Rodriguez v City of New York, 67 AD3d 884, 886 [2009];
see DeCrescenzo v Gonzalez, 46 AD3d 607, 608 [2007]). Here, the trial court
improvidently exercised its discretion in failing to set aside the jury verdict and grant a new trial
on damages based on the inflammatory and improper cross-examination questions and
summation by defense counsel (see Pagano v Murray, 309 AD2d 910 [2003]), which
were so prejudicial as to taint the proceedings and deprive plaintiff of a fair trial on the issue of
damages (see Rodriguez v City of New York, 67 AD3d at 885-886). The Civil Court
should not have permitted defense counsel to question the plaintiff "concerning collateral matters
solely for the purpose of impeaching [plaintiff's] credibility" (Rudle v Shifrin, 182 AD3d
617, 619 [2020], citing Mazella v Beals, 27 [*3]NY3d
694, 711 [2016]). Here, the court permitted questioning, after an objection by plaintiff's counsel
(on which there was no ruling), regarding an alleged order of protection that plaintiff's wife had
obtained against plaintiff. The charge underlying the order of protection was pending at the time
of trial—plaintiff had not been convicted of any crime relating to this order of protection.
Moreover, questions were asked about the underlying facts surrounding the order of protection,
with no indication as to the source of these alleged facts. Further, the court permitted the
inflammatory comments relating to collateral matters, made by defense counsel during
summation, without the benefit of a curative instruction to the jury. "Collateral matters relevant
only to credibility are properly excluded because they distract the jury from the central issues in
the case and bear the risk of prejudicing the jury based on character and reputation" (Mazella
v Beals, 27 NY3d at 711). Although plaintiff failed to object to every comment, or seek a
curative charge or a mistrial, in the interest of justice (see CPLR 4404 [a]), plaintiff's
posttrial motion to set aside the jury verdict, which was denied by order entered February 23,
2018, should have been granted (see Morency v Horizon Transp. Servs., Inc., 139 AD3d
1021).
Accordingly, I vote to reverse the judgment, vacate the February 23, 2018 order and grant the
branch of plaintiff's posttrial motion seeking to set aside the jury verdict and for a new trial on
the issue of damages. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 6, 2022