Bacchus v Restaurant Depot, LLC (2025 NY Slip Op 00415)

Bacchus v Restaurant Depot, LLC

2025 NY Slip Op 00415

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-06440
 (Index No. 702069/18)

[*1]Badora Bacchus, appellant, 
v
Restaurant Depot, LLC, respondent.

Erlanger Law Firm PLLC, New York, NY (Anna Livshits of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Kristen Barone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 23, 2023. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages she allegedly sustained at a store operated by the defendant, Restaurant Depot, LLC, as a result of a collision between the plaintiff's shopping trolley and a power jack being operated by one of the defendant's employees, Benjamin Selg. The matter proceeded to trial, at which the only testimonial evidence offered was the testimony of the plaintiff and of Selg, who each presented a different version of events. The plaintiff testified that Selg drove the power jack fast around a corner and directly into her trolley without stopping, whereas Selg testified that he stopped, asked the plaintiff to move her trolley slightly, which she did, but when he proceeded into the aisle, the trolley had moved back to its original position, leading to the collision. The jury rendered a verdict in favor of the defendant, finding that it was not negligent.
The plaintiff subsequently moved pursuant to CPLR 4404(a) to set aside the verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence or in the interest of justice based upon alleged misconduct by defense counsel and for a new trial. By order entered May 23, 2023, the Supreme Court denied the motion. The plaintiff appeals.
This Court "may not disregard a jury verdict as against the weight of the evidence unless 'the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Bianchi v New York City Tr. Auth., 192 AD3d 745, 748). "In making this determination, the Court must proceed with considerable caution, 'for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict'" (Keyser v KB Toys, Inc., 82 AD3d 713, 714, quoting Nicastro v Park, 113 AD2d 129, 133). Morever, "[i]t is for the jury to make determinations as to [*2]the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Harewood v Holmes, 163 AD3d 638, 638-639).
Here, the record provides no basis for disturbing the jury's determination to credit Selg's testimony over that of the plaintiff, and a fair interpretation of the evidence supports the finding that the defendant was not negligent.
"[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel" (Rodriguez v City of New York, 67 AD3d 884, 886; see Coward v Consolidated Edison, Inc., 216 AD3d 905, 909). "The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury" (Rodriguez v City of New York, 67 AD3d at 885; see Coward v Consolidated Edison, Inc., 216 AD3d at 909). Here, the challenged remarks were either fair comment on the evidence or isolated and not so prejudicial as to deprive the plaintiff of a fair trial (see Wilson v Finkelstein, 226 AD3d 950, 954; Fortune v New York City Hous. Auth., 201 AD3d 705, 708; Kulynska v Agayeva, 188 AD3d 659, 660).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court