Windham v Campoverde (2025 NY Slip Op 04939)

Windham v Campoverde

2025 NY Slip Op 04939

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-08082
 (Index No. 508949/17)

[*1]Michelle Windham, appellant, 
v
Octavio Campoverde, respondent.

Harris Keenan & Goldfarb PLLC, New York, NY (Jason S. Steinberg and Judith F. Stempler of counsel), for appellant.
The Gold Law Firm, P.C., North Bellmore, NY (Karen C. Higgins of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of Supreme Court, Kings County (Rupert V. Barry, J.), entered June 6, 2023. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
On September 25, 2016, the plaintiff allegedly was injured when she tripped and fell on a sidewalk located in Brooklyn that either was abutting certain property owned by the defendant or was abutting an adjacent property where the defendant had performed sidewalk repairs. In May 2017, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant. Pursuant to a stipulation, the action was discontinued against the other defendants.
Following a jury trial, the jury found that the plaintiff did not fall either in front of the property owned by the defendant or in front of the adjacent property where the defendant had performed sidewalk repairs. Thereupon, on June 6, 2023, the Supreme Court entered a judgment in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
"Litigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Rodriguez v City of New York, 67 AD3d 884, 886; see Coward v Consolidated Edison, Inc., 216 AD3d 905, 909). "The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury" (Coward v Consolidated Edison, Inc., 216 AD3d at 909 [internal quotation marks omitted]; see Ortiz v Jaramillo, 84 AD3d 766, 766).
Here, during his opening statement, the defendant's attorney made improper remarks accusing the plaintiff's attorney of assisting the plaintiff with fabricating her account of where she fell, stating, among other things, that after the plaintiff told her attorney what street she fell on, "they went out to look for the worst spot on the street and they found it." The defendant's attorney further stated that the location of the fall claimed by the plaintiff was "lawyer-created fantasy" (see Nuccio v Chou, 183 AD2d 511, 514; Sanchez v Manhattan & Bronx Surface Tr. Operating Auth., 170 AD2d 402, 405). Similarly, on summation, the defendant's attorney improperly stated that the plaintiff "changed her testimony based upon something her lawyer said to her," and "although 'perjury' might be a little of a harsh word . . . she certainly testified willfully falsely" (see Taormina v Goodman, 63 AD2d 1018). In addition, the defendant's attorney improperly injected his own beliefs on summation, stating, "I truly don't believe [the accident] happened here" and, after accusing the plaintiff of testifying falsely, stating, "I felt bad for [the defendant]. I felt bad for the whole system" (see McAlister v Schwartz, 105 AD2d 731, 733-734). Moreover, the defendant's attorney inappropriately encouraged the jurors to speculate that the plaintiff declined to call an investigator as a witness at trial because the investigator would have testified unfavorably to the plaintiff (see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d 938, 940; Bromberg v City of New York, 25 AD2d 885). Further, the defendant's attorney improperly appealed to the passions of the jurors by stating that "[e]verything [the defendant has] worked for for his entire life is at risk on this trial" and that "[the plaintiff] wants to take my client's property or money" (see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d at 940; Vassura v Taylor, 117 AD2d 798, 799). Under the circumstances of this case, "'the comments of the [defendant's] counsel . . . were not isolated, were inflammatory, and were unduly prejudicial'" and "'so tainted the proceedings as to have deprived [the plaintiff] . . . of a fair trial'" (Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d at 941, quoting Ortiz v Jaramillo, 84 AD3d at 766; see Rodriguez v City of New York, 67 AD3d at 885-886).
Moreover, the curative instructions issued by the Supreme Court were insufficient to ameliorate the improper remarks made by the defendant's attorney.
Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court