■ GLORIA ESTHER MONGE, as Administratrix of the Estate of ANTONIO NEGRON, Deceased, et al., Appellants, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Respondents, et al., Defendants. [865 NYS2d 71]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 19, 2006, which, to the extent appealed from, granted the motion and cross motion by defendants Queens-Long Island Medical Group (QLIMG) and Quijano for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

The submissions by QLIMG and Quijano, including deposition transcripts, medical records and expert affirmations, established a prima facie defense to this medical malpractice action, entitling them to summary judgment if not rebutted (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In reaching their conclusions, the experts properly relied on the deceased plaintiff's medical records and history. In contrast, plaintiffs' expert's conclusory affirmation failed to identify the basis for his belief that Dr. Quijano's failure to perform a vascular bypass in November 1996 was ultimately responsible for the decedent's below-the-knee amputation. Another surgeon performed bypass surgery in January of 1997, which surgery was unsuccessful. Moreover, plaintiffs' expert failed to address the December 1996 angiogram films and evidence of sufficient blood flow and circulation in the foot, as well as the decedent's risk factors for bypass surgery. Plaintiffs thus failed to meet their burden in opposing the motions for summary dismissal (see id.; Margolese v Uribe, 238 AD2d 164, 166-167 [1997]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Acosta and Freedman, JJ.