■ SHIRLEY DAY, Respondent, v MTA BUS COMPANY et al., Appellants. [942 NYS2d 172]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated July 22, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and

the plaintiff's motion for summary judgment on the issue of liability is denied.

In support of her motion for summary judgment on the issue of liability, the plaintiff pedestrian offered evidence that the defendant bus driver struck her while she was crossing the street within the crosswalk with a pedestrian traffic signal in her favor. However, the plaintiff failed to establish that she exercised due care in crossing the street (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]). Although she testified at her deposition that she always looked left and right while crossing the subject street, she admitted that, when she began to cross the street on this particular occasion, she was "looking across" the street, rather than checking for traffic approaching from her left or right. Therefore, the plaintiff failed to establish that she was free from comparative fault (*see Yuen Lum v Wallace*, 70 AD3d 1013, 1014 [2010]; *Gideon v Flatlands Beverage Distribs., Inc.*, 59 AD3d 596 [2009]; *Cator v Filipe*, 47 AD3d 664, 664-665 [2008]; *Albert v Klein*, 15 AD3d 509, 510 [2005]; *cf. Qamar v Kanarek*, 82 AD3d 860, 861 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]; *Benedikt v Certified Lbr. Corp.*, 60 AD3d 798, 798 [2009]). Since the plaintiff failed to meet her prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *MPEG LA, LLC v Audiovox Elecs. Corp.*, 84 AD3d 1189, 1190 [2011]).

The parties' remaining contentions are without merit or need not be considered in view of the foregoing.

Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.