In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 8, 2013, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
The plaintiff, a pedestrian crossing Bronx River Road at its intersection with Yonkers Avenue, was struck by an automobile operated and owned by the defendant, who was making a left turn from Yonkers Avenue. The plaintiff commenced this action against the defendant to recover damages for his personal injuries allegedly caused by the defendant’s negligence. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion.
*723 In support of his motion for summary judgment on the issue of liability, the plaintiff failed to establish, prima facie, that he used due care in crossing the street, and thus, that the defendant’s alleged negligent operation of her vehicle was the sole proximate cause of the accident (see Melchiorre v Dreisch, 95 AD3d 845, 846 [2012]; Day v MTA Bus Co., 94 AD3d 940, 941 [2012]; Garcia v El-Zien, 90 AD3d 601 [2011]; Yuen Lum v Wallace, 70 AD3d 1013 [2010]). The affidavit submitted by the plaintiff in support of his motion failed to provide any details as to whether the traffic light controlling the intersection was in his favor, whether there was a pedestrian control signal at the subject intersection, which direction he looked before entering the crosswalk, and whether he looked in either or both directions as he crossed the street. Since the plaintiff failed to meet his prima facie burden of demonstrating his entitlement to judgment as a matter of law on the issue of liability, the Supreme Court should have denied the plaintiff’s motion for summary judgment, regardless of the sufficiency of the defendant’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In light of our determination, we need not address the defendant’s remaining contentions. Dillon, J.P, Leventhal, Hall and Cohen, JJ., concur.