■ Carol A. Haberman, Appellant, v James H. Burke, Respondent. [983 NYS2d 627]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated March 30, 2012, as denied that branch of her motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a pedestrian, allegedly was injured when she was struck by the defendant's vehicle as it was backing out of a

driveway. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The Supreme Court, inter alia, subsequently denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for summary judgment on the issue of liability, as she failed to meet her initial burden of establishing her prima facie entitlement to judgment as a matter of law. "To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Sperling v Akesson*, 104 AD3d 840, 841 [2013]). In support of her motion for summary judgment, the plaintiff submitted evidence including a transcript of her deposition testimony, in which she testified that she was walking her dog in the street in the dark at the time of the accident. Although the plaintiff testified that she "was looking all around" and "looking in general" at the time of the accident, she did not observe the defendant's vehicle until immediately prior to the collision, and she did not remember hearing any noise emanating from the defendant's vehicle, or seeing any headlights. Thus, the plaintiff's evidentiary submissions failed to eliminate all triable issues of fact as to whether she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d at 737; *Burnett v Reisenauer*, 107 AD3d 656, 656 [2013]; *Day v MTA Bus Co.*, 94 AD3d 940, 941 [2012]; *Sale v Lee*, 49 AD3d 854, 854 [2008]).

Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion, regardless of the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Dillon, Hall and Roman, JJ., concur.