■ IGOR IOFFE et al., Appellants, v ESTHER SERUYA et al., Respondents. [21 NYS3d 712]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated June 15, 2013, which denied their

motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability finding the plaintiff Igor Ioffe 35% at fault in the happening of the accident and the defendants 65% at fault, and, in effect, for judgment as a matter of law on the issue of liability or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial, and to set aside, in the interest of justice, as inadequate, and as against the weight of the evidence, so much of the jury verdict on the issue of damages as awarded the plaintiff Igor Ioffe damages in the principal sum of $4,000 for past pain and suffering and failed to award any damages for future pain and suffering, future lost earnings, and future medical costs, and for a new trial.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the issue of liability is granted, that branch of the plaintiffs' motion which was to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering, future lost earnings, and future medical costs.

On February 23, 2010, the plaintiff Igor Ioffe (hereinafter the injured plaintiff) was crossing the street at the intersection of Coney Island Avenue and Avenue P in Brooklyn, when he was struck by a vehicle operated by the defendant Esther Seruya and owned by the defendant David Seruya. The injured plaintiff was walking within the crosswalk with the pedestrian crossing signal in his favor and was more than halfway across the street, having crossed four of six lanes of traffic, when he was struck on the right side by the vehicle as it turned left into the intersection. As a result of the accident, the injured plaintiff sustained various injuries.

Following a trial on the issue of liability, the jury returned a verdict finding that the injured plaintiff was 35% at fault in the happening of the accident and the defendants were 65% at fault. At the conclusion of a trial on the issue of damages, the jury awarded the injured plaintiff $4,000 for past pain and suffering and $26,000 for past lost earnings, but it awarded no damages for future pain and suffering, future lost earnings, or future medical costs. Thereafter, the plaintiffs moved pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the is-

sue of liability, and to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial. The Supreme Court denied the motion.

"A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (*Vittiglio v Gaurino*, 100 AD3d 987, 987-988 [2012]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Chiara v Dernago*, 128 AD3d 999, 1001 [2015]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 868 [2014]).

Here, there was no valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the injured plaintiff was comparatively at fault in the happening of the accident. Although he testified that he did not look to either side before entering the crosswalk, under the circumstances of this case, the evidence established, as a matter of law, that he could not have avoided the accident by looking for oncoming traffic and was free from comparative fault (*see Coutu v Santo Domingo*, 123 AD3d 410, 410 [2014]; *Cuevas v Chavez*, 94 AD3d 803 [2012]; *Qamar v Kanarek*, 82 AD3d 860, 861 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]; *Zhenfan Zhang v Yellow Tr. Corp.*, 5 AD3d 337, 337-338 [2004]; *cf. Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Day v MTA Bus Co.*, 94 AD3d 940, 941 [2012]; *Yi Min Feng v Jin Won Oh*, 71 AD3d 879, 879-880 [2010]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law in their favor on the issue of liability.

A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice may be granted where improper comments by the trial court deprive a party of a fair trial (*see Rodriguez v City of New York*, 67 AD3d 884, 885-887 [2009]). "[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (*id.* at 886). A trial court "has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish

counsel and witnesses when necessary" (*Nunez v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 110 AD3d 686, 688 [2013] [internal quotation marks omitted]). Nevertheless, "[a] trial judge should at all times maintain an impartial attitude and exercise a high degree of patience and forebearance. A trial judge may not so far inject himself [or herself] into the proceedings that the jury could not review the case in the calm and untrammeled spirit necessary to effect justice" (*DeCrescenzo v Gonzalez*, 46 AD3d 607, 608-609 [2007] [internal quotation marks and citations omitted]).

Here, at the trial on the issue of damages, the plaintiff presented the expert testimony of an orthopedic surgeon who examined the injured plaintiff. Before that examining physician testified, the trial court directed plaintiffs' counsel to ask questions in hypothetical form as to the physician's opinion regarding prognosis and the need for future medical care, and during the physician's direct testimony, defense counsel made a number of objections to those questions. In responding to those objections, the trial court gratuitously and repeatedly emphasized that the physician was an examining rather than treating physician and that he was only "assuming" that the injured plaintiff would need future medical care that was causally related to the accident. The record reflects that, with these repeated comments, "[t]he court conveyed an impression of incredulity" toward the physician's opinions (*Nunez v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 110 AD3d at 688). The cumulative effect of the court's comments deprived the plaintiffs of a fair trial on the issue of damages (*see id.*; *Porcelli v Northern Westchester Hosp. Ctr.*, 110 AD3d 703, 706-707 [2013]; *Rodriguez v City of New York*, 67 AD3d at 886-887; *DeCrescenzo v Gonzalez*, 46 AD3d at 609; *cf. Rizzo v Kay*, 79 AD3d 1001, 1001 [2010]). Accordingly, a new trial on the issue of damages for past and future pain and suffering, future lost earnings, and future medical costs is warranted.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.