■ MELINA ROBERTS, Appellant, v YEHUDA M. ZIRKIND et al., Respondents. [34 NYS3d 465]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated October 14, 2015, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On November 8, 2012, the plaintiff was crossing East New York Avenue at its intersection with Brooklyn Avenue in Brooklyn, when she was struck by a motor vehicle owned by the defendant Yehuda M. Zirkind and operated by the defendant Sara Zirkind (hereinafter the defendant driver), which was turning left from Brooklyn Avenue onto East New York Avenue. In 2013, the plaintiff commenced this action against the defendants to recover damages for personal injuries. After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. The plaintiff appeals.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Matos v Tai*, 124 AD3d 848 [2015]; *Adams v Bruno*, 124 AD3d 566 [2015]), since there can be more than one proximate cause of an accident (*see Adams v Bruno*, 124 AD3d at 566). The issue of comparative fault is generally a

question for the jury to decide (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]).

In support of her motion for summary judgment on the issue of liability, the plaintiff failed to establish, prima facie, that she exercised due care in crossing the street (*see Thoma v Ronai*, 82 NY2d at 737; *Haberman v Burke*, 116 AD3d 921 [2014]; *Garrido v Puente*, 114 AD3d 722, 723 [2014]; *Melchiorre v Dreisch*, 95 AD3d 845, 846 [2012]; *Day v MTA Bus Co.*, 94 AD3d 940 [2012]). Thus, the plaintiff failed to eliminate all triable issues of fact as to whether she was free from comparative fault in the happening of the accident. Since the plaintiff failed to meet her prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.