■ AZAM MIRZA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [40 NYS3d 171]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered September 29, 2015, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

On November 16, 2012, the plaintiff Azam Mirza (hereinafter the injured plaintiff), a pedestrian, was struck by a bus owned by the defendant New York City Transit Authority and operated by the defendant Charles King, Jr. (hereinafter together the defendants), as the injured plaintiff was attempting to cross Main Street at its intersection with 41st Avenue in Queens. After the accident, the injured plaintiff, and his wife suing derivatively, commenced the instant action to recover damages for personal injuries. After discovery, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court granted the motion.

A plaintiff in a personal injury action who moves for sum-

mary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Bowen v Farrell*, 140 AD3d 1001 [2016]; *Roberts v Zirkind*, 140 AD3d 940 [2016]; *McLaughlin v Lunn*, 137 AD3d 757 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]), since there can be more than one proximate cause of an accident (*see Roberts v Zirkind*, 140 AD3d 940 [2016]; *Adams v Bruno*, 124 AD3d 566, 566 [2015]). The issue of comparative fault is generally a question for the jury to decide (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]).

In support of their motion for summary judgment on the issue of liability, the plaintiffs failed to establish, prima facie, that the injured plaintiff exercised due care in crossing the street (*see Roberts v Zirkind*, 140 AD3d 940 [2016]). Thus, the plaintiffs failed to eliminate all triable issues of fact as to whether the injured plaintiff was free from comparative fault in the happening of the subject accident. Specifically, in support of their motion, the plaintiffs submitted the deposition transcript of the driver of the bus. The driver testified that while attempting to turn right from 41st Avenue onto Main Street, he stopped the bus in the crosswalk, and then observed the injured plaintiff walk into the front passenger side bumper of the bus. Since the plaintiffs failed to meet their prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.