■ MARIAN SIRIANNI, Respondent, v TOWN OF OYSTER BAY, Respondent-Appellant, and PLAINEDGE YOUTH BASEBALL LEAGUE, Appellant-Respondent. [66 NYS3d 524]—

In an action to recover damages for personal injuries, the defendant Plainedge Youth Baseball League appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered March 11, 2016, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Town of Oyster Bay cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff, and the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.

On June 12, 2011, the plaintiff was watching her grandson play in a youth baseball game at a field owned by the defendant Town of Oyster Bay. As she was walking from a picnic table toward the baseball field to say goodbye to her grandson, the plaintiff allegedly slipped and fell in mud in the spectator area near one of the baseball field dugouts. It had rained that day, as well as on each of the three days prior to the accident.

The plaintiff commenced this action against the Town and the Plainedge Youth Baseball League (hereinafter PYBL), alleging that they were negligent in their maintenance of the grounds surrounding the field. The defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and the Supreme Court denied the motions. PYBL appeals, and the Town cross-appeals.

Each of the defendants established its prima facie entitlement to judgment as a matter of law by demonstrating that the muddy condition of the field, caused by rain, was an open and obvious condition readily observable by those employing the reasonable use of their senses, and not inherently dangerous (see *Bluth v Bias Yaakov Academy for Girls*, 123 AD3d 866 [2014]; *Reiss v Ulster County Agric. Socy.*, 78 AD3d 679 [2010]; *Misir v Beach Haven Apt. No. 1, Inc.*, 32 AD3d 1002 [2006]; *Green v State of New York*, 222 AD2d 553, 554 [1995]; cf. *Bernal v 521 Park Ave. Condo*, 128 AD3d 750 [2015]; *Espada v Mid-Island Babe Ruth League, Inc.*, 50 AD3d 843 [2008]; *Progressive Northeastern Ins. Co. v Town of Oyster Bay*, 40 AD3d 612, 613 [2007]; *Torres v State of New York*, 18 AD3d 739 [2005];

*Cavorti v Winston*, 307 AD2d 1018, 1019 [2003]; *Patrick v Cho's Fruit & Vegetables*, 248 AD2d 692 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff relied on the affidavit of an expert whose opinion concerning the maintenance of the subject field was conclusory and speculative with no independent factual basis, and thus, insufficient to defeat a motion for summary judgment (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Pirie v Krasinski*, 18 AD3d 848, 849-850 [2005]; *Schmidt v Barstow Assoc.*, 276 AD2d 784, 784 [2000]). Accordingly, the Supreme Court should have granted the defendants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

In light of our determination, we need not reach the defendants' remaining contentions. Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.