Feng Xie v New York City Health & Hosps. Corp. (2020 NY Slip Op 00403)





Feng Xie v New York City Health & Hosps. Corp.


2020 NY Slip Op 00403


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-13370
 (Index No. 7715/09)

[*1]Feng Xie, etc., et al., appellants,
v
New York City Health and Hospitals Corporation, et al., respondents, et al., defendants.


Morelli Law Firm, P.C., New York, NY (Sara A. Strickland of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Qian Julie Wang of counsel), for respondent New York City Health and Hospitals Corporation.
Bartlett LLP, Mineola, NY (Robert G. Vizza and Christopher A. Terzian of counsel), for respondents Wenjing Zhou and Dr. Zhou Pediatrics.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered November 18, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant New York City Health and Hospitals Corporation, and the separate motion of the defendants Wenjing Zhou and Dr. Zhou Pediatrics, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action on behalf of their infant daughter, M.X., against, among others, the defendant New York City Health and Hospitals Corporation, which operates Elmhurst Hospital (hereinafter Elmhurst Hospital), and the defendants Wenjing Zhou and Dr. Zhou Pediatrics (hereinafter together the Zhou defendants), alleging, inter alia, that agents of Elmhurst Hospital and the Zhou defendants were negligent in failing to timely diagnose and treat M.X. for viral encephalitis on or between December 12, 2007, and December 17, 2007. The plaintiffs alleged that, as a result of her illness, M.X. became incapacitated and is dependent on others for all activities of daily life.
Elmhurst Hospital moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs opposed Elmhurst Hospital's motion and submitted an expert affirmation in support of their position.
The Zhou defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against them. In response, the plaintiffs served a second amended verified bill of particulars, incorrectly denominated as a supplemental verified bill of particulars, in which they expanded the time period specified in the verified bill of particulars and the first amended verified bill of particulars, so as to allege that the Zhou defendants were negligent [*2]in treating M.X. on the additional dates of December 18, 2007, December 19, 2007, and December 20, 2007. The plaintiffs subsequently opposed the Zhou defendants' motion and submitted an expert affirmation in support of their position.
By order entered November 18, 2016, the Supreme Court granted that branch of Elmhurst Hospital's motion and the separate motion of the Zhou defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiffs appeal. We affirm the order insofar as appealed from.
Elmhurst Hospital established its prima facie entitlement to judgment as a matter of law through the affirmation of its expert, a pediatrician sub-certified in pediatric emergency medicine, whose opinion was based upon, inter alia, his review of M.X.'s medical records, and the deposition testimony of the plaintiffs and of M.X.'s treating doctors. The affirmation demonstrated, prima facie, that Elmhurst Hospital's doctors treated M.X. in accordance with good and accepted standards of medical practice and, in any event, that any departure was not the proximate cause of M.X.'s injuries (see Gachette v Leak, 172 AD3d 1327, 1329; Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249, 1250-1251; Bethune v Monhian, 168 AD3d 902, 903).
In opposition, the plaintiffs, through the affirmation of a physician certified in emergency medicine, raised a triable issue of fact with respect to whether Elmhurst Hospital deviated from the standard of care. The plaintiffs' expert opined, based on, among other things, certain medical records, that M.X. displayed symptoms which warranted Elmhurst Hospital conducting further tests to rule out viral encephalitis while M.X. was at Elmhurst Hospital on December 16, 2007.
However, the expert affirmation submitted by the plaintiffs failed to raise a triable issue of fact as to whether the alleged departures proximately caused M.X.'s injuries. "[E]xpert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Lowe v Japal, 170 AD3d 701, 702; see Smith v Mollica, 158 AD3d 656, 658; Sirianni v Town of Oyster Bay, 156 AD3d 739, 741). The affirmation of the plaintiffs' expert was speculative and conclusory with respect to the issue of proximate cause, and thus did not raise a triable issue of fact (see Lowe v Japal, 170 AD3d at 702; Smith v Mollica, 158 AD3d at 658; Sirianni v Town of Oyster Bay, 156 AD3d at 741). In addition, it did not adequately controvert the opinion asserted by Elmhurst Hospital's expert, that viral encephalitis is incurable and there is no way to prevent mild viral encephalitis from progressing to severe encephalitis (see Candia v Estepan, 289 AD2d 38, 39-40). Accordingly, we agree with the Supreme Court's determination to grant that branch of Elmhurst Hospital's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128-1129).
The Zhou defendants established their prima facie entitlement to judgment as a matter of law through the affirmation of their expert, a physician who specializes in infectious diseases and internal medicine, whose opinion was based upon, inter alia, M.X.'s medical records, along with the deposition testimony of the plaintiffs and of M.X.'s treating doctors. This affirmation demonstrated, prima facie, that the Zhou defendants treated M.X. in accordance with good and accepted standards of medical practice from December 12, 2007, through December 17, 2007, that the Zhou defendants did not have responsibility for M.X.'s care following her admission to co-defendant New York Hospital Queens (hereinafter NYHQ) on December 17, 2007, and that, in any event, any departure by the Zhou defendants was not the proximate cause of M.X.'s injuries (see Gachette v Leak, 172 AD3d at 1329; Wright v Morning Star Ambulette Servs., Inc., 170 AD3d at 1250-1251; Bethune v Monhian, 168 AD3d at 903).
In opposition, the plaintiffs submitted an affirmation from a physician board certified in pediatrics and neurology. The expert affirmation submitted by the plaintiffs did not address the care provided by the Zhou defendants prior to M.X.'s admission to NYHQ on December 17, 2007, and it therefore failed to raise a triable issue of fact as to whether the Zhou defendants deviated from the standard of care during the time period between December 12, 2007, and December 17, 2007 (see DiLorenzo v Zaso, 148 AD3d 1111, 1113-1114). To the extent that the plaintiffs' expert opined that the Zhou defendants deviated from the applicable standard of care on December 18, 2007, through December 20, 2007, we agree with the Supreme Court's determination not to consider these new [*3]allegations. Under the circumstances presented here, the plaintiffs' inexcusable delay in presenting these new theories of liability warranted the court's rejection of the new allegations contained in the second amended verified bill of particulars (see Horn v Hires, 84 AD3d 1025, 1026; Yousefi v Rudeth Realty, LLC, 61 AD3d 677, 678; see also Dalrymple v Koka, 295 AD2d 469, 469-470). In any event, the affirmation of the plaintiffs' expert was speculative and conclusory with respect to the issue of proximate cause, and it was therefore insufficient to raise a triable issue of fact (see Lowe v Japal, 170 AD3d at 702; Smith v Mollica, 158 AD3d at 658; Sirianni v Town of Oyster Bay, 156 AD3d at 741). Accordingly, we agree with the court's determination to grant the Zhou defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy Div., 149 AD3d at 1128-1129).
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court