Spilbor v Styles (2021 NY Slip Op 00585)





Spilbor v Styles


2021 NY Slip Op 00585


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-09852
 (Index No. 51060/15)

[*1]James. A. Spilbor, et al., respondents, 
v
Stuart T. Styles, etc., et al., defendants, Simon H. Chin, etc., et al., appellants.


Pilkington & Leggett, P.C., White Plains, NY (Michael N. Romano of counsel), for appellants.
Joanna Spilbor Law, Poughkeepsie, NY (Andrew W. Humphreys of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Simon H. Chin and Mount Kisco Medical Group, P.C., appeal from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated July 25, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants Simon H. Chin, Adam B. Semegran, and Mount Kisco Medical Group, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendants Simon H. Chin and Mount Kisco Medical Group, P.C.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Simon H. Chin, Adam B. Semegran, and Mount Kisco Medical Group, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendants Simon H. Chin and Mount Kisco Medical Group, P.C., are granted.
The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against various doctors and hospitals, including the defendants Simon H. Chin, Adam B. Semegran, and Mount Kisco Medical Group, P.C. (hereinafter collectively the defendants). The plaintiff James A. Spilbor (hereinafter the plaintiff) underwent a total right knee replacement surgery in September 2012 performed by the defendant orthopedic surgeon Stuart T. Styles. Thereafter, the plaintiff had a slow-healing wound and a further surgery was performed by Styles to salvage the hardware that had been placed in the prior surgery. Chin, a plastic surgeon employed by Mount Kisco Medical Group, P.C., performed a medial gastrocnemius flap and a split thickness skin graft during the procedure to salvage the hardware. A subsequent split thickness skin graft was performed by Chin. Due to continued complaints of pain and reduced range of motion, the plaintiff underwent a knee replacement revision surgery in 2014.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 25, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Semegran, and denied the remaining branches of the motion. Chin and Mount [*2]Kisco Medical Group, P.C., appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). In moving for summary judgment, a physician-defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Stukas v Streiter, 83 AD3d at 30). "[W]here the moving defendant addressed the elements of both departure and proximate cause, the plaintiff [is] required to raise a triable issue of fact as to both of those elements" in order to avoid dismissal (Stukas v Streiter, 83 AD3d at 26; see DiMitri v Monsouri, 302 AD2d 420, 421).
Here, the defendants established, prima facie, that Chin and Mount Kisco Medical Group, P.C., were entitled to judgment as a matter of law through the submission of the plaintiff's medical records and the affirmation of their expert, who opined within a reasonable degree of medical certainty that Chin did not depart from the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the plaintiff's injuries (see Wagner v Parker, 172 AD3d 954, 955; Lowe v Japal, 170 AD3d 701, 703).
In opposition, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs' infectious disease expert was competent to render an opinion as to whether Chin departed from the standard of care by proceeding with surgery in the presence of an infection (see generally Tsimbler v Fell, 123 AD3d 1009), the affirmation of the plaintiffs' expert was speculative and conclusory with respect to the issue of proximate cause, and it was therefore insufficient to raise a triable issue of fact with respect to that issue (see Feng Xie v New York City Health & Hosps. Corp., 179 AD3d 895, 898; Lowe v Japal, 170 AD3d 701, 702-703; Sirianni v Town of Oyster Bay, 156 AD3d 739, 741). Under these circumstances, the Supreme Court should have granted those branches of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Chin and Mount Kisco Medical Group., P.C. (see generally Stukas v Streiter, 83 AD3d at 26).
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court