N.S. v Freedman (2021 NY Slip Op 05361)





N.S. v Freedman


2021 NY Slip Op 05361


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-04218 
2018-14352
 (Index No. 706399/14)

[*1]N.S., etc., et al., appellants,
v
Alan M. Freedman, etc., respondent, et al., defendant.


Dankner Milstein, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondent.
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated February 8, 2018, and (2) a judgment of the same court entered November 27, 2018. The order, insofar as appealed from, granted the motion of the defendant Alan M. Freedman for summary judgment dismissing the complaint insofar as asserted against him. The judgment, upon the order, is in favor of the defendant Alan M. Freedman and against the plaintiff dismissing the complaint insofar as asserted against that defendant.



DECISION & ORDER
Motion by the respondent to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the judgment. By decision and order on motion of this Court dated January 7, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Alan M. Freedman for summary judgment dismissing the complaint insofar as asserted against him is denied, the complaint is reinstated insofar as asserted against that defendant, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the judgment (see CPLR 5501[a][1]).
On August 31, 2012, the defendant Alan Freedman (hereinafter the defendant) performed skin graft surgery on the then nine-year-old infant plaintiff. He removed a nevus from the infant plaintiff's left knee and covered the area with skin grafts taken from her buttocks. The infant plaintiff, by her father, and her father suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated February 8, 2018, the Supreme Court, among other things, granted the defendant's motion. Subsequently, in a judgment entered November 27, 2018, the court dismissed the complaint insofar as asserted against the defendant. The plaintiffs appeal.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421; see Stukas v Streiter, 83 AD3d 18, 23). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d at 820-821). "Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d at 30).
Here, the defendant established his prima facie entitlement to judgment as a matter of law through the affirmation of his expert, who opined within a reasonable degree of medical certainty that the defendant did not depart from the accepted standard of care and that, in any event, any alleged departure was not a proximate cause of the infant plaintiff's injuries (see Spilbor v Styles, 191 AD3d at 724; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497). However, in opposition, the affidavit of the plaintiffs' expert was sufficient to raise a triable issue of fact as to whether the defendant departed from the accepted standard of care and as to whether the departure was a proximate cause of the infant plaintiff's injuries (see Larcy v Kamler, 185 AD3d 564, 565; Seiden v Sonstein, 127 AD3d 1158, 1162; Feinberg v Feit, 23 AD3d 517). Contrary to the defendant's contention, the photographs submitted by the plaintiffs, upon which the plaintiffs' expert relied, were authenticated by the testimony of the infant plaintiff's father at his deposition (see Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 142 AD3d 681, 682; Hawkins v Carter Community Hous. Dev. Fund Corp., 40 AD3d 812, 813; Kosarin v W & S Assoc., 6 AD3d 503).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court