Valenti v Gadomski (2022 NY Slip Op 01342)





Valenti v Gadomski


2022 NY Slip Op 01342


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2017-00682
 (Index No. 150116/12)

[*1]Robert Valenti, appellant, 
v
John J. Gadomski, etc., et al., respondents.


Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Purchase, NY (James P. Connors, John J. Hare, and Shane Haselbarth of counsel), for respondent John J. Gadomski.
Keller O'Reilly & Watson, P.C., Woodbury, NY (Angela A. Cutone and Scott Watson of counsel), for respondent Shimon Oami.
Amabile & Erman, P.C., Staten Island, NY (Shari D. Steinfeld of counsel), for respondents Patricia C. McCormack, Patricia C. McCormack, M.D., PLLC, and Patricia C. McCormack, M.D., P.C.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a corrected judgment of the Supreme Court, Richmond County (Philip G. Minardo, J.), entered May 16, 2017. The corrected judgment, insofar as appealed from, in effect, upon an order of the same court (Charles M. Troia, J.) dated December 28, 2015, denying the motion of the defendant John J. Gadomski for summary judgment dismissing the amended complaint insofar as asserted against him, and upon a jury verdict in favor of the defendants John J. Gadomski, Shimon Oami, Patricia C. McCormack, Patricia C. McCormack, M.D., PLLC, and Patricia C. McCormack, M.D., P.C., and against the plaintiff on the issue of liability, is in favor of those defendants and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that on the Court's own motion, the notice of appeal from a judgment entered December 21, 2016, is deemed to be a premature notice of appeal from the corrected judgment (see CPLR 5520[c]); and it is further,
ORDERED that the corrected judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, the amended complaint insofar as asserted against the defendants John J. Gadomski, Shimon Oami, Patricia C. McCormack, Patricia C. McCormack, M.D., PLLC, and Patricia C. McCormack, M.D., P.C., is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial before a different Justice; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
In March 2012, the plaintiff commenced this action to recover damages for medical malpractice against the defendants John J. Gadomski, Patricia C. McCormack, McCormack's medical practices, and the defendant Shimon Oami (hereinafter collectively the defendants), among others, alleging that the defendants deviated from accepted medical practice by failing to properly and timely diagnose skin cancer on his left foot, causing him to undergo amputation of the fifth toe of that foot.
As is relevant to this appeal, Gadomski moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against him. In an order dated December 28, 2015, the Supreme Court denied Gadomski's motion. Gadomski appealed (see Valenti v Gadomski, ____ AD3d ____ [Appellate Division Docket No. 2016-00626; decided herewith]).
Thereafter, following a jury trial, the jury returned a verdict in favor of the defendants and against the plaintiff on the issue of liability, finding that none of the defendants deviated from accepted medical practice during their treatment of the plaintiff's skin condition. The Supreme Court then entered a corrected judgment, inter alia, in favor of the defendants and against the plaintiff dismissing the amended complaint insofar as asserted against them. The plaintiff appeals.
As an initial matter, the Supreme Court properly denied Gadomsky's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against him. "In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Maestri v Pasha, 198 AD3d 632, 633-634 [internal quotation marks omitted]; see N.S. v Freedman, 198 AD3d 702, 703). "'A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries'" (Maestri v Pasha, 198 AD3d at 634, quoting M.C. v Huntington Hosp., 175 AD3d 578, 579). "Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (N.S. v Freedman, 198 AD3d at 703 [internal quotation marks omitted]).
Although Gadomski established his prima facie entitlement to judgment as a matter of law by submitting, among other things, the plaintiff's medical records and the affirmations of his two medical experts, a board certified dermatologist and a board certified dermatologist and dermatopathologist, who both opined that the care and treatment Gadomski rendered to the plaintiff did not deviate from the accepted standards of medical care and that such treatment was not a proximate cause of the plaintiff's alleged injuries (see N.S. v Freedman, 198 AD3d at 703; Maestri v Pasha, 198 AD3d at 634), in opposition, the plaintiff raised triable issues of fact. The plaintiff submitted an affidavit of his medical expert, a board certified pathologist, which raised triable issues of fact as to whether Gadomski departed from good and accepted care and whether such alleged departures were a proximate cause of the plaintiff's injuries (see N.S. v Freedman, 198 AD3d at 703; Maestri v Pasha, 198 AD3d at 634).
With respect to the judgment, after the jury verdict, in favor of the defendants and against the plaintiff dismissing the amended complaint insofar as asserted against them, although the issue is unpreserved for appellate review, the verdict must be set aside and the matter remitted for a new trial in the interest of justice since improper comments by the Supreme Court and opposing counsel deprived the plaintiff of a fair trial and may have unduly influenced the jury (see CPLR 4404(a); see e.g. Ioffe v Seruya, 134 AD3d 993, 995-996; Ortiz v Jaramillo, 84 AD3d 766, 766). "'[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court'" (Ioffe v Seruya, 134 AD3d at 995, quoting Rodriguez v City of New York, 67 AD3d 884, 886). A trial court "'should at all times maintain an impartial attitude and exercise a high degree of patience and forebearance. A trial judge may not so far inject himself [or herself] into the proceedings that the jury could not review the case in the calm and untrammeled spirit necessary to effect justice'" (Ioffe v Seruya, 134 AD3d at 996, quoting DeCrescenzo v Gonzalez, 46 AD3d 607, 608-609).
Here, the Supreme Court's repeated prejudicial comments and interjections prejudiced the plaintiff. For example, the court barred the plaintiff's counsel from referring to the growth at issue on the plaintiff's left foot as a tumor, ordered that the growth be referred to as a wart, and continued to refer to it as a wart through the trial. Thus, the court, in effect, determined a pivotal issue of fact that was properly for the jury to resolve (see e.g. Butler v New York City Hous. Auth., 26 AD3d 352, 353). In addition, the court opined multiple times before the jury that there was no proof that the plaintiff was misdiagnosed by the defendants, despite testimony by the plaintiff's expert to the contrary which had already been elicited. Although the court later directed the jury to disregard its remarks, the instruction was not sufficient to cure the prejudice caused by its improvident comments and interjections (see Cohn v Meyers, 125 AD2d 524, 527-529; see e.g. Mercedes v Amusements of Am., 160 AD2d 630, 631-632).
The comments of Oami's counsel also prejudiced the plaintiff. Oami's counsel made multiple improper and inflammatory comments about the relationship between counsel for the plaintiff and the plaintiff's expert pathologist during the cross examination of that expert and during his summation to the jury on behalf of Oami. Contrary to the Supreme Court's determination, these remarks were so inflammatory and unduly prejudicial as to have deprived the plaintiff of a fair trial (see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d 938, 940-941; Rodriguez v City of New York, 67 AD3d at 885-886).
The record reflects that the cumulative effect of the Supreme Court's comments and interjections, as well as those of counsel for Oami, deprived the plaintiff of a fair trial (see Ioffe v Seruya, 134 AD3d at 996; Rodriguez v City of New York, 67 AD3d at 886-887). Accordingly, under the circumstances of this case, a new trial is warranted, and the matter is remitted to the Supreme Court, Richmond County, for a new trial before a different Justice (see Troyano v Burris, 196 AD3d 525, 526).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court