Torres v Yakobov (2023 NY Slip Op 06273)

Torres v Yakobov

2023 NY Slip Op 06273

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-01425
 (Index No. 515562/15)

[*1]Jose Torres, respondent, 
v
Olga Yakobov, et al., appellants, et al., defendant.

Marulli, Mannarino, Erichsen & Tomaszewski, LLP, New York, NY (Richard O Mannarino of counsel), for appellants Olga Yakobov and Sergey Strochkov.
Sheeley, LLP, New York, NY (Neil B. Ptashnik and Ting Huang of counsel), for appellants Enrico Ascher, Anil P. Hingorani, and Vascular Institute of New York.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Christopher J. Donadio of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Olga Yakobov and Sergey Strochkov appeal, and the defendants Enrico Ascher, Anil P. Hingorani, and Vascular Institute of New York separately appeal, from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 21, 2020. The order, insofar as appealed from, denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the separate motions of the defendants Olga Yakobov and Sergey Strochkov and the defendants Enrico Ascher, Anil P. Hingorani, and Vascular Institute of New York for summary judgment dismissing the complaint insofar as asserted against each of them are granted.
The plaintiff commenced this action to recover damages for medical malpractice against the defendants Olga Yakobov and Sergey Strochkov, a physician assistant and a physician, respectively, who treated the plaintiff for left leg pain during his January 27, 2014 presentment to the emergency room at the defendant Lutheran Medical Center (hereinafter the hospital), as well as the defendants Enrico Ascher and Anil P. Hingorani, vascular surgeons, and their medical practice, Vascular Institute of New York (hereinafter VINY), who provided follow-up treatment for the plaintiff's lower left leg vascular disease condition at the hospital over the course of several days after his emergency room visit. The plaintiff alleged that Yakobov, Strochkov, Ascher, and Hingorani, inter alia, failed to timely diagnose and properly treat a thrombosed popliteal artery in his lower left leg, causing an above-the-knee amputation.
Yakobov and Strochkov moved for summary judgment dismissing the complaint insofar as asserted against them. Ascher, Hingorani, and VINY separately moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated January 21, [*2]2020, the Supreme Court, inter alia, denied both motions. Yakobov and Strochkov appeal, and Ascher, Hingorani, and VINY separately appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]; see Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716). In moving for summary judgment, a physician-defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (see Dye v Okon, 203 AD3d 702, 703; Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 792-793). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or material to rebut the prima facie showing by the defendant physician (see Spilbor v Styles, 191 AD3d at 723). "[T]he plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden" (Boltyansky v New York Community Hosp., 175 AD3d 1478, 1478 [internal quotation marks omitted]).
Here, Yakobov and Strochkov established their prima facie entitlement to judgment as a matter of law through the submission of, inter alia, the plaintiff's medical records and the affirmation of their expert, who opined within a reasonable degree of medical certainty that any alleged departures were not a proximate cause of the plaintiff's injuries (see Gargano v Langman, 214 AD3d 770, 771-772; Templeton v Papathomas, 208 AD3d 1268, 1271; Smith v Mollica, 158 AD3d 656, 658). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert was speculative and conclusory with respect to the issue of proximate cause as to Yakobov and Strochkov, and it was therefore insufficient to raise a triable issue of fact with respect to that issue (see Templeton v Papathomas, 208 AD3d at 1271; Spilbor v Styles, 191 AD3d at 724). Accordingly, the Supreme Court should have granted the motion of Yakobov and Strochkov for summary judgment dismissing the complaint insofar as asserted against them.
Ascher, Hingorani, and VINY also established their prima facie entitlement to judgment as a matter of law through the submission of, inter alia, the plaintiff's medical records and the affirmation of their expert, who opined within a reasonable degree of medical certainty that neither Ascher nor Hingorani departed from the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the plaintiff's injuries (see Spilbor v Styles, 191 AD3d at 724; Wagner v Parker, 172 AD3d 954, 955). In opposition, the plaintiff failed to raise a triable of fact. The affirmation of the plaintiff's expert was speculative and conclusory with respect to whether Ascher and Hingorani departed from the standard of care and with respect to the issue of proximate cause, and it was therefore insufficient to raise a triable issue of fact (see Spilbor v Styles, 191 AD3d at 724; Monge v Queens-Long Is. Med. Group, P.C., 55 AD3d 341, 341). Accordingly, the Supreme Court also should have granted the motion of Ascher, Hingorani, and VINY for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court